OLGA WARECKI *vs.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

Suffolk. January 8, 1930. — January 28, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Insurance*, Compulsory motor vehicle. *Equity Pleading and Practice*, Parties, Waiver of defence, Finding by judge, Decree, Appeal. *Equity Jurisdiction*, Suit against insurer under compulsory motor vehicle insurance.

The defendant, in a suit in equity under G. L. c. 175, § 113, against an insurance company as sole defendant to recover the amount of a judgment for the plaintiff against one insured by the defendant under the compulsory motor vehicle insurance statute, is not entitled at the argument before this court of an appeal from a final decree for

the plaintiff to contend for the first time that the insured should have been joined as a defendant, where it appears that no such contention had been raised by demurrer, plea or answer.

It appearing in such a suit that the claim of the plaintiff against the insured had been established incontrovertibly by a judgment and that no relief was sought against him, his rights and those of the defendant against him were not prejudiced by a decree that the amount of the judgment against him be paid by the defendant, and, therefore, even if it be assumed that the question of nonjoinder properly was raised, it was *held*, that the objection should not prevail.

The entry of a decree for the plaintiff in a suit in equity under G. L. c. 175, § 113, against the insurer under the compulsory motor vehicle insurance statute implies a finding of every fact essential to the right entry of that decree permitted by the evidence.

At the hearing of a suit of the character above described, it appeared that the defendant insurance company had received from one of the same name as the defendant in the action at law in which the plaintiff had obtained his judgment a report of an accident in which his motor vehicle was involved occurring on the same date as that on which the plaintiff contended he was injured, but that the company might not have had notice that the plaintiff was injured in that accident or that he brought an action against the insured by reason of such injury. There was evidence identifying that accident with that in which the plaintiff was injured and the insured as the defendant in the action at law brought by the plaintiff, and the judge found that there was such identity. A decree for the plaintiff was entered. The defendant appealed. *Held*, that

(1) The conclusions reached by the judge could not be disturbed;

(2) Even if the defendant did not receive from the insured the notice which the policy required of the insured, it still would be liable to the plaintiff by reason of the provision of the defendant's policy, which must have conformed with § 113A (4), added to G. L. c. 175 by St. 1925, c. 346, § 4.

BILL IN EQUITY, filed in the Superior Court on January 15, 1929, under G. L. c. 175, § 113, to recover the amount of a judgment rendered for the plaintiff in an action for personal injuries received by reason of negligence of one Louis F. Russo in the driving of a motor vehicle insured by the defendant under the provisions of the compulsory motor vehicle insurance statute.

In the Superior Court, the suit was heard by *Bishop*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). It appeared that the accident in which the plaintiff received her injuries occurred on February 6, 1927. Other facts are stated in the opinion.

By order of the judge, a final decree was entered, awarding the plaintiff the amount of the judgment in the action at law, $1,218.25, interest in the amount of $103.53 and costs in the amount of $111.60, in all $1,433.38. The defendant appealed.

*J. J. Curran*, for the defendant.

*J. B. Abrams*, (*E. J. Davis* with him,) for the plaintiff.

SANDERSON, J. This is an appeal from a final decree establishing the amount due under a policy of insurance issued by the defendant to Louis F. Russo under the terms of the compulsory insurance act and ordering its payment to the plaintiff. The sum to be paid represented the amount of an unsatisfied judgment in favor of the plaintiff against Louis F. Russo. The defendant in this suit offered no evidence but made a motion "for a directed verdict" at the close of the plaintiff's case. A contention made by it for the first time at the argument of the case in this court is that the plaintiff cannot recover because Louis F. Russo has not been joined as a party defendant. The proper mode of taking advantage of nonjoinder of parties in equity is by demurrer, plea or answer. *Jewett* v. *Tucker*, 139 Mass. 566, 577. Ordinarily the debtor, even if a judgment debtor, should be made a party to a bill to reach and apply property to the payment of his debt. But if we assume that the defendant would have been entitled to have Russo made a party if the question had been properly raised at a time when such matters ordinarily should be considered, it does not follow that it is entitled to such order now. The debt against Russo had been incontrovertibly established by the judgment (St. 1923, c. 149, § 1), and without him as a party the defendant could make all defences to the bill that would be open if he had been joined. No relief is sought against him, and the decree entered will protect the rights of all parties now before the court without prejudice to any rights the defendant may have against Russo. "Where the defect is formal and technical merely, and is only objected to at the hearing, and especially if other parties are needed only for the de-

fendant's protection, the decree will not be delayed if the nonjoinder produces no other prejudice to the rights of parties before the court." *Schwoerer* v. *Boylston Market Association,* 99 Mass. 285, 295. When the suggestion of nonjoinder has not been made until after a hearing on the merits, "if it is found that entire justice can be done to all parties now before the court, and without prejudice to any of their rights, and that conflicting interests, if there be any . . . may hereafter be adjusted, the objection should not now prevail." *Jewett* v. *Tucker,* 139 Mass. 566, 579. *Schwoerer* v. *Boylston Market Association, supra. Evans* v. *Wall,* 159 Mass. 164, 168. *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569. The rights of Russo will not be prejudiced by an order that the amount of the judgment against him be paid by the defendant.

The defendant in its amended answer admitted that it received a report of an accident shortly after February 6, 1927, signed by one Louis F. Russo of Roslindale in the county of Suffolk, and also that the automobile of one Louis F. Russo of Roslindale was then and there by virtue of St. 1925, c. 346, and acts in amendment thereof covered by a motor vehicle liability policy issued by the defendant to him. The trial judge found that the policy issued under St. 1925, c. 346, and acts in amendment thereof to Louis F. Russo was in force in February, 1927, when the plaintiff sustained her injury; that her writ against him appeared to have been served by being left at his last and usual place of abode, to wit, 98 Stanton Avenue, Revere, but that this address was not the home of Louis F. Russo but of his father; that Louis F. Russo at the time lived in Roslindale, but that the summons was later delivered to him; that counsel filed an answer in his behalf, and a default which had been entered was removed on motion of Louis F. Russo; that on January 20, 1928, the plaintiff recovered judgment against Louis F. Russo, and execution issued thereon January 21, 1928, which has not been in any part satisfied; that Louis F. Russo, against whom execution issued, was the same Louis F. Russo who held a motor vehicle liability policy issued by the defendant, and

that the defendant had notice that his automobile had been involved in the accident as a result of which the plaintiff recovered judgment, but may not have had notice that the plaintiff received injuries or that she had brought suit. "The entry of the decree implies a finding of every fact essential to the right entry of that decree permitted by the evidence." *Glazier* v. *Everett,* 224 Mass. 184, 185. *Star Brewing Co.* v. *Flynn,* 237 Mass. 213, 216. The evidence concerning the identity of the subject matter of the contract of insurance and concerning the identity of the judgment debtor as the contracting party presented issues of fact, and for that reason the conclusions reached by the trial judge cannot be disturbed.

The trial in which the plaintiff obtained her judgment conclusively determined the fact that Louis F. Russo was legally responsible for the accident and was indebted to the plaintiff because of her injuries caused thereby in the amount of the judgment. *Lorando* v. *Gethro,* 228 Mass. 181. The policy required the assured to give notice to the insurer and to coöperate with it, but it also must have provided that a violation of its terms would not defeat the policy so as to bar recovery against it by a judgment creditor. Section 113A (4) added to G. L. c. 175 by St. 1925, c. 346, § 4 (see now 113A as amended by St. 1928, c. 381, § 5). If it be assumed that the defendant did not receive the notice from the assured, for which the contract called, it would still be liable to the plaintiff because of the terms of its contract of insurance. *Vance* v. *Burke,* 267 Mass. 394.

*Decree affirmed with costs.*