Leo Saltzberg *vs.* Lumbermens Mutual Casualty Company & another.

Suffolk. May 3, 1950. — September 15, 1950.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Williams, JJ.

*Insurance*, Motor vehicle liability insurance. *Damages*, Consequential. *Words*, "Injury."

In a policy of compulsory motor vehicle liability insurance issued in conformity to G. L. (Ter. Ed.) c. 90, § 34A, as amended, the word "injury," as used in the phrases "injury to . . . any one person" and "injury to . . . more than one person" in the provision stating the policy limits, refers to the words "bodily injuries" in the provision for indemnity "against loss by reason of the liability to pay damages to others for bodily injuries, including death . . . or consequential damages . . . ."

There was "injury to . . . one person" only and not an accident "resulting in injury to . . . more than one person" within the provision stating the policy limits in a compulsory motor vehicle liability insurance policy issued in conformity to G. L. (Ter. Ed.) c. 90, § 34A, as amended, where a wife sustained bodily injuries through the operation of the motor vehicle covered by such policy and her husband incurred medical expenses on account of her bodily injuries; and the insurer under such policy, having paid the wife the full amount provided for therein in case of "injury to . . . one person" in partial satisfaction of a judgment obtained by her for such bodily injuries, was not liable to make any further payment to satisfy a separate judgment obtained by the husband for consequential damages.

BILL IN EQUITY, filed in the Superior Court on January 24, 1949.

The plaintiff appealed from a final decree dismissing the bill entered after hearing by *Smith*, J.

*M. S. Glaser*, (*J. Stone* with him,) for the plaintiff.

*D. H. Fulton*, (*I. Gordon* with him,) for the defendant Lumbermens Mutual Casualty Company.

WILLIAMS, J. In this suit in equity the plaintiff seeks to reach and apply the proceeds of a Massachusetts compulsory motor vehicle liability insurance policy as defined in G. L. (Ter. Ed.) c. 90, § 34A, as amended, to the satisfaction of a judgment obtained by him against one William M. Mavrides. It is agreed that the plaintiff's wife received personal injuries in Quincy on August 9, 1947, by reason of the negligent operation of a motor vehicle owned by the defendant Catherine Mavrides and operated at the time with her consent by her husband, the said William M. Mavrides. The motor vehicle was insured by the defendant insurance company under a policy issued in accordance with the Massachusetts compulsory insurance law. The plaintiff's wife recovered judgment in an action of tort for "bodily injuries" against William M. Mavrides on December 7, 1948, in the sum of $6,933.33. On the same day the plaintiff recovered judgment in the sum of $3,201.92 against the same defendant in an action of tort for consequential damages consisting of "medical, nursing, hospital and surgical services in connection with and on account of the bodily injuries sustained by his wife." The limits of liability provided by the policy of insurance were $5,000 and $10,000. The defendant insurance company has paid on account of the wife's judgment the sum of $5,000 with interest and costs, but has refused to pay the plaintiff's judgment for consequential damages. Due and sufficient demand has been made on the defendant insurer for the payment of the plaintiff's judgment, and more than thirty days have elapsed since said judgment was rendered.

While an answer was filed by Catherine Mavrides, no prayer for relief against her was included in the plaintiff's

bill and no evidence was offered that her husband was acting as her agent. The judgment debtor, William M. Mavrides, was not joined as a party defendant. See *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233. A demurrer filed by the defendant insurance company, hereinafter referred to as the defendant, is treated as waived by the conduct of the defendant in proceeding to trial upon the merits. *Driscoll* v. *Smith*, 184 Mass. 221, 223. *Berenson* v. *H. G. Vogel Co.* 253 Mass. 185, 187. After ruling "that the liability of the defendant insurer . . . was satisfied by the payment of the wife's execution," the judge ordered that a decree be entered dismissing the bill without costs. The plaintiff has appealed from a final decree dismissing the bill entered in accordance with this order.

No contention is made that the liability of the defendant to the plaintiff's wife has not been satisfied in full by the payment to her of $5,000 with interest and costs. The question for decision is whether the plaintiff can recover from the defendant an amount in excess of that already paid to his wife. Under the policy in question the obligation of the insurer is to indemnify or protect the person insured or any person responsible for the operation of the insured motor vehicle with his consent "against loss by reason of the liability to pay damages to others for *bodily injuries,* including death . . . or consequential damages consisting of expenses incurred by a husband . . ." (emphasis supplied). As Mavrides was operating the motor vehicle with the owner's consent, he was insured under the terms of the owner's policy. The obligation of the insurer, as above stated, is restricted by the terms of the statute, G. L. (Ter. Ed.) c. 90, § 34A, as amended, to the payment of "the amount or limit of at least five thousand dollars on account of injury to or death of any one person, and, subject to such limits as respects injury to or death of one person, of at least ten thousand dollars on account of any one accident resulting in injury to or death of more than one person . . . .." It is the contention of the plaintiff that the consequential

damage to the husband is an independent injury within the meaning of this statutory limitation and that therefore the accident is one "resulting in injury to . . . more than one person." It seems clear that the term "injury" as used in the clauses "injury to or death of any one person" and "injury to or death of more than one person" refers to the "bodily injuries" because of which a loss to the insured and a consequent obligation of indemnity or protection on the part of the insurer may result.

We have held that the payment by a husband of his wife's medical expenses due to her personal injury, in a sense, is an injury to the husband because of the resulting impoverishment of his estate. *Wilson* v. *Grace*, 273 Mass. 146, 154. *Thibeault* v. *Poole*, 283 Mass. 480. Where the obligation to pay these expenses remains with the wife, her payment of them gives her no separate right of action apart from her right to recover for her injuries as a whole. *Doran* v. *Cohen*, 147 Mass. 342, 344. *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261, 266. *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, 455. *Cole* v. *Bay State Street Railway*, 223 Mass. 442. *Dearden* v. *Hey*, 304 Mass. 659, 663. Fundamentally the financial loss due to the payment of medical and similar expenses is only one item of damage caused by the tortious injury to the person. *Dearden* v. *Hey*, 304 Mass. 659, 663. The same is true where the husband is responsible for the expenses, although by the common law rule he retains a separate right of action to recover for such expenses. *Cassidy* v. *Constantine*, 269 Mass. 56. In our opinion it was not intended by the Legislature that the extent of the obligation of the indemnitor should depend on the enumeration of different items of damage subordinate to the bodily injury on which its primary obligation is based. It is not in the event that more than one person suffers damage but it is in the event that the insured's loss is increased by reason of his liability to pay damages for bodily injuries received in one accident by more than one person that the limit of the insurer's liability is increased. We are of opinion that the accident in this case resulted in injury,

as the term is used in the statute and the policy issued thereunder, to only one person, and that the insurer is not bound to make further payments to satisfy the judgment of the plaintiff.

The conclusion which we have reached is in accord with the great weight of authority elsewhere. Although the cases hereinafter cited did not arise under compulsory liability insurance laws, they deal with the construction of policy provisions similar to those which we are now considering. In *Chattanooga Dayton Bus Line* v. *Burney*, 160 Tenn. 294, 303, it was said, "The limitation of liability to a fixed amount 'for one injury' in an insurance contract of this kind imposes the limitation upon all claims for damage, by whomsoever made, arising out of personal injuries to a single person." The language in *Gaines* v. *Standard Accident Ins. Co.* 32 So. (2d) 633, 639 (La. App.), is, "It is not in the event that more than one person suffers damages, but it is in the event that more than one person suffers 'bodily injuries or death,' that the limit of the insurer's liability is increased . . . ." And in the same case at page 640 it was said, "A claim for reimbursement of expenses paid or incurred in treating a person for bodily injuries is, in our opinion, a claim for damages for his bodily injuries whether those expenses be incurred or paid by him or by someone else, such as his parent or spouse," and in *Lumbermens' Mutual Casualty Co.* v. *Yeroyan*, 90 N. H. 145, 146, it was said, "Since . . . his injury is a consequential one, coverage does not extend beyond the limit fixed for the payment of damages for the bodily injury out of which his loss arises." See *Pastucha* v. *Roth*, 290 Mich. 1; *Perkins* v. *Fireman's Fund Indemnity Co.* 44 Cal. App. (2d) 427; *Lacour* v. *Ferguson*, 6 So. (2d) 206 (La. App.); *New Amsterdam Casualty Co.* v. *Hart*, 153 Fla. 840; *Wilson* v. *Capital Fire Ins. Co.* 136 Neb. 435; cases cited in 150 A. L. R. 1154.

*Decree affirmed with costs.*