MARY C. DUNN *vs.* THE TRAVELERS INSURANCE COMPANY & another. August 1, 1978. 1. The plaintiff's husband sustained bodily injuries when a motor vehicle in which he was a passenger and which was insured by the defendant General Accident Fire and Life Assurance Corporation Limited (General), collided with a motor vehicle insured by the defendant The Travelers Insurance Company (Travelers). The plaintiff and her husband have commenced actions against the owners and operators of both vehicles in which the plaintiff alleges that she has sustained damages for loss of consortium. See *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153 (1973). Each of the insurance policies provides coverage for liabilities its insured might incur arising out of bodily injuries sustained by other persons, up to limits of $20,000 per person and $40,000 per accident in the General policy and up to $50,000 per person and $100,000 per accident in the Travelers' policy. The present action is one for declaratory relief, in which the parties seek to resolve the question whether any damage award the plaintiff may recover for loss of consortium will be subject, along with any other damages she and her husband may recover arising out of his injuries, to the lower, per-person policy limits, or whether her damage for loss of consortium will be recoverable out of the higher, per-accident policy limits. We think that the judge was correct in ruling that under the terms of the two policies the per-person limits apply to the aggregate damage awards recovered by the plaintiff and her spouse arising out of his bodily injuries. Both policies contain "limits of liability" clauses which, in closely similar wording, provide that the limit of liability

applicable to "each person" is the limit of the company's liability for all damages arising out of bodily injury sustained by one person, and it is clear from the syntax of each clause that the words, "sustained by one person," modify the words, "bodily injury," and not the word, "damages." Compare *Saltzberg* v. *Lumbermen's Mut. Cas. Co.*, 326 Mass. 351, 353-355 (1950). See also *Travelers Indem. Co.* v. *Cornelsen*, 272 Md. 48 (1974); *Gaouette* v. *Aetna Life Ins. Co.* 253 App. Div. 388 (N.Y. 1938); *Napier* v. *Banks*, 9 Ohio App. 2d 265 (1967); *Sheffield* v. *American Indem. Co.*, 245 S.C. 389 (1965). 2. No question has been raised concerning the fact that the insureds have not been made parties in the present case. See Mass.R.Civ.P. 12 (h) (2), 365 Mass. 757 (1974); *Warecki* v. *United States Fid. & Guar. Co.*, 270 Mass. 233, 235-236 (1930). See also *Provident Tradesmens Bank & Trust Co.* v. *Patterson*, 390 U.S. 102 (1968). The judgment entered herein is, of course, binding as a judgment only on the parties before the court. See G. L. c. 231A, § 8.

*Judgment affirmed.*

*John F. Keenan* (*Harold D. Donohue* with him) for the plaintiff.

*Alfred Sigel* for General Accident Fire and Life Assurance Corporation, Limited.

*Richard W. McLeod* for The Travelers Insurance Company.