ROBERT BILODEAU vs. LUMBERMENS MUTUAL CASUALTY
COMPANY
(and a companion case[1]).

Middlesex.   February 10, 1984. — July 17, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Insurance*, Motor vehicle liability insurance. *Husband and Wife*, Consortium. *Parent and Child*, Companionship and society. *Damages*, Loss of consortium, Loss of companionship and society. *Words*, "Per person."

In cases arising under statutory Massachusetts policies of motor vehicle liability insurance issued respectively in 1977 and 1981, each plaintiff claiming damages either for loss of consortium or for loss of parental companionship and society was to be treated, for purposes of applying the policy limitations of liability, as a person separate from the bodily-injured person and thus entitled to an independent "per person" recovery within the "per accident" limit of the policy. [539-544]

CIVIL ACTION commenced in the Superior Court Department on December 9, 1982.

A question of law was reported by *Hurd*, J., to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

CIVIL ACTION commenced in the Superior Court Department on March 3, 1982.

The case was heard by *Ronan*, J., on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Arthur F. Licata* for Robert Bilodeau.

[1] Royal Insurance Company of America *vs.* Stanley J. Jarzembowski & others. The other parties to the action are Jarzembowski's wife, Anne Marie, and daughters, Jessica and Carrie Ann.

*Stephen J. Paris (John J. Davis* with him) for Lumbermens Mutual Casualty Company.

*Robert J. Carnevale* for Stanley J. Jarzembowski & others.

*Thomas D. Dolan* for Royal Insurance Company of America.

ABRAMS, J. The issue presented by the two cases we review is whether, under a standard Massachusetts automobile insurance policy providing "per person" coverage for bodily injury as well as a higher "per accident" liability limit, an insurer that has exhausted its "per person" liability to a person sustaining bodily injury in an automobile accident is obligated to make additional payments within the "per accident" limit for loss of consortium claims by the victim's spouse or children. We conclude that under the current wording of the policy a loss of consortium claimant is a separate "person" entitled to an independent "per person" recovery within the "per accident" limit.

The facts in both cases are undisputed. Robert Bilodeau *vs.* Lumbermens Mutual Casualty Company involves a 1977 standard policy issued by the insurer (Lumbermens) to Richard DeFanti, the owner of an automobile that collided with a vehicle operated by Robert Bilodeau, injuring his wife, Mina Bilodeau. DeFanti's policy provided optional coverage for bodily injury to others in the amount of $100,000 "per person" and $300,000 "per accident." The Bilodeaus commenced an action in the Superior Court in which Mina Bilodeau sued to recover for her physical and emotional injuries, and Robert Bilodeau sought compensation for his loss of consortium. Mina Bilodeau's claim was settled by Lumbermens' payment to her of $100,000 under DeFanti's policy. Lumbermens also agreed with Robert Bilodeau to liquidate his claim at $42,500, and to resolve the question of his entitlement to the liquidated amount under the policy through an action for declaratory relief. In compliance with the agreement, Bilodeau brought an action for declaratory relief in the Superior Court. Pursuant to G. L. c. 231, § 111, the judge reported the question of Lumbermens' liability to the Appeals Court without decision. We granted Bilodeau's application for direct appellate review.

The second case, Royal Insurance Company of America *vs.* Stanley J. Jarzembowski & others, arises from a collision in 1981 between an automobile operated by Jarzembowski and a vehicle driven by Catherine Tsoukalas, the insured. The Jarzembowski family filed a currently pending suit in the Superior Court against the insured, seeking compensation for physical injuries sustained by Jarzembowski and for his wife's loss of consortium and his children's loss of parental companionship and society (hereinafter, consortium). After the Jarzembowskis rejected the offer of the insurer (Royal) to pay $10,000, the compulsory "per person" coverage under the insured's 1981 policy, in full settlement of all the claims, including those of the wife and children, Royal initiated an action for a declaratory judgment that its liability under the policy is limited to $10,000 rather than the $20,000 "per accident" compulsory coverage for bodily injury to others. A judge of the Superior Court entered summary judgment in Royal's favor, and the Jarzembowskis appealed to the Appeals Court. We transferred the case to this court on our own motion.

The insurers in both cases recognize that a spouse's or a child's claim for loss of consortium constitutes a cause of action distinct and independent from the cause of action of a person seeking compensation for physical injury. *Feltch* v. *General Rental Co.*, 383 Mass. 603, 607-608 (1981). The insurers do not argue that claims for loss of consortium arising from physical injury to a person injured by an insured are excluded under the standard automobile insurance policy. Instead, the insurers assert that under the terms of the policies, the "per person" limit is applicable to all claims, including those of a spouse or child for loss of consortium, flowing from bodily injury to one person. In essence, the insurers argue that "per person," as the term is used in the standard policy,[2] means "per bodily-injured person." We disagree.

We begin our analysis, as we must, with the language of the policy, which parallels language in G. L. c. 90, § 34A, setting forth statutory requirements for compulsory and optional

[2] The term "per person" appears on the coverage selections page incorporated in each policy.

coverage. Part 1 of the policy, providing compulsory insurance for "Bodily Injury to Others," reads in pertinent part:[3]

"Under this Part, we will pay damages to people injured or killed by your auto in Massachusetts accidents. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement. . . . The most we will pay for injuries to any one person as a result of any one accident is [$10,000]. The most we will pay for injuries to two or more people as a result of any one accident is a total of [$20,000]."[4]

Part 5 of the policy, entitled "Optional Bodily Injury to Others," reads in pertinent part:

"Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. . . . The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement.

"This Part is similar to Compulsory Bodily Injury To Others (Part 1). Like the Compulsory Part, this Part pays for accidents involving your auto in Massachusetts. . . .

" . . . .

"The most we will pay for injury to any one person as a result of any one accident is shown on the Coverage Selections page. The most we will pay for injuries to two

---

[3] The sections we quote in the text are taken from the 1981 standard policy issued by Royal. There are minor semantic differences in the equivalent sections of the 1977 standard policy issued by Lumbermens, but these differences in wording do not affect the issue presented.

[4] The compulsory limits in the 1977 policy were $5,000 "per person" and $10,000 "per accident." G. L. c. 90, § 34A, sixth par., as amended by St. 1964, c. 517, § 2. Section 34A was amended by St. 1979, c. 611, § 2, to require minimum coverage limits of $10,000 "per person" and $20,000 "per accident," the limits in effect for the insured under Royal's 1981 policy.

or more people as a result of any one accident is also shown on the Coverage Selections page."

As we have indicated, the insured under the Royal policy did not pay for coverage beyond the compulsory minimum, whereas the insured under the Lumbermens policy paid for optional $100,000/$300,000 coverage.

It is clear that a prerequisite to recovery under either part 1 or part 5 is the occurrence of a "bodily injury" to a person involved in an accident with the insured. The ambiguity is whether the word "person" in the sentence in both parts, limiting the insurer's liability for injuries "to any one person as a result of any one accident," refers to the person who has sustained the bodily injury or to the person who seeks recovery as a result of the bodily injury. Put another way, the question is whether the "injured" person to which the "per person" limit applies refers to the bodily-injured person or whether it also refers to the loss of consortium claimant.

Because the language of the standard policy is prescribed by statute and controlled by the Division of Insurance rather than the individual insurer, the rule of construction resolving ambiguities in a policy against the insurer is inapplicable. *MacBey* v. *Hartford Accident & Indem. Co.*, 292 Mass. 105, 108 (1935). *Cormier* v. *Hudson*, 284 Mass. 231, 234 (1933). See *Charles Dowd Box Co.* v. *Fireman's Fund Ins. Co.*, 351 Mass. 113, 119-120 (1966). Instead, we must ascertain "the fair meaning of the language used, as applied to the subject matter." *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 226 (1971), quoting *Oakes* v. *Manufacturers' Fire & Marine Ins. Co.*, 131 Mass. 164, 165 (1881).

Both policies state that "the damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement." Although loss of consortium is not a "bodily injury," neither insurer contends that the policy precludes any recovery for loss of consortium. Lumbermens asserts that the phrase "for bodily injury" includes all damages flowing from a bodily injury, and at oral argument explicitly conceded that loss of consortium claims are covered

by the policy. At oral argument, counsel for Royal adopted Lumbermens' argument. Further, it is apparent that Royal, which agrees that the policy does not exclude loss of consortium claims within the "per person" limit applicable to the bodily-injured person,[5] has adopted a similar interpretation of the "for bodily injury" policy language. See *Lumbermens' Mut. Casualty Co.* v. *Yeroyan*, 90 N.H. 145, 146 (1939).

Proceeding from the premise that damages "for bodily injury" include damages for loss of consortium,[6] it follows in-

---

[5] As set forth in Royal's brief in support of its motion for summary judgment, Royal "has offered the sum of $10,000.00 in full settlement of all claims on the basis that the [loss of consortium] claims of the wife and the children fall within the $10,000.00 per person coverage." Royal relies on the holding of *Dunn* v. *Travelers Ins. Co.*, 6 Mass. App. Ct. 910 (1978), that the "per-person limits apply to the aggregate damage awards recovered by the [loss of consortium plaintiffs] and [the bodily-injured plaintiff] arising out of [the] bodily injuries." *Id.*

[6] The policy language parallels, and must be construed consistently with, G. L. c. 90, § 34A, as amended through St. 1979, c. 611, § 2, which includes within compulsory coverage "for bodily injuries" such consequential damages as "expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services." Section 34A, like parts 1 and 5 of the standard policy, does not explicitly refer to coverage for loss of consortium claims. Compare parts 3 and 7, which explicitly cover damages to "[a]nyone else . . . entitled to recover because of [bodily] injury to a person covered under [parts 3 or 7]," and part 2, which explicitly limits coverage to medical expenses, lost wages, and replacement services. Because the insurers do not dispute that coverage "for bodily injury" in the statute and policy includes loss of consortium claims, but argue instead that the "per person" liability limit applies to the aggregate claims of the bodily-injured person and the loss of consortium claimants, we need not today decide the question of coverage under parts 1 and 5 or under G. L. c. 90, § 34A.

However, we note that the overwhelming majority of motor vehicle liability policies litigated in other jurisdictions explicitly cover or have been construed to cover loss of consortium claims. See *Wohlberg* v. *Hartford Accident & Indem. Co.*, 262 F. Supp. 711, 712 (D. Mont. 1967); *Smith* v. *State Farm Mut. Auto. Ins. Co.*, 252 Ark. 57 (1972); *State Farm Mut. Auto Ins. Co.* v. *Ball*, 127 Cal. App. 3d 568, 570-571 (1981); *Gass* v. *Carducci*, 52 Ill. App. 2d 394, 402 (1964); *Travelers Indem. Co.* v. *Cornelsen*, 272 Md. 48, 51 (1974); *Lumbermens' Mut. Casualty Co.* v. *Yeroyan*, 90 N.H. 145, 146 (1939); *Williams* v. *State Farm Mut. Auto. Ins. Co.*, 99 N.J. Super. 377, 379 (1968); *Greenberg* v. *Medi-Cab Inc.*, 114 Misc. 2d 104, 107 (N.Y. Sup. Ct. 1982); *Napier* v. *Banks*, 9 Ohio App. 2d 265, 268 (1967); *Smith* v. *Cassida*, 403 Pa. 404, 406-407 (1961);

eluctably that a loss of consortium claimant is an "injured person" under the policy. When the reference to "amounts the injured person is entitled to collect for bodily injury" is combined with the observation that it is the spouse or the child of the bodily-injured person, rather than the bodily-injured person, who is "entitled" to collect for loss of consortium, see *Feltch* v. *General Rental Co.*, 383 Mass. 603, 608 (1981); *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 167-168 (1973), it is clear that the phrase "injured person" includes a loss of consortium claimant. It follows that, for purposes of applying the limitation of liability "for injuries to any one person as a result of any one accident," the loss of consortium claimant must be considered a separate "person" from the bodily-injured "person." A contrary interpretation would require us to attribute different meanings to the same words in the same paragraph, a task we eschew. Cf. *Plymouth County Nuclear Information Comm., Inc.* v. *Energy Facilities Siting Council*, 374 Mass. 236, 240 (1978). Thus, we agree with the claimants in these cases that a spouse or child bringing an independent claim for a legally distinct injury is a separate "person" with respect to the "per person" coverage.

The insurers argue that their interpretation of the "per person" limitation is supported by *Saltzberg* v. *Lumbermens Mut. Casualty Co.*, 326 Mass. 351 (1950), and by *Dunn* v. *Travelers Ins. Co.*, 6 Mass. App. Ct. 910 (1978). In *Saltzberg*, this court held that a husband who paid for his wife's medical expenses did not suffer a distinct injury entitling him to a separate recovery under the automobile liability policy. We stated that "the financial loss due to the payment of medical and similar expenses is only one item of damage caused by the tortious injury to the [wife]." *Saltzberg* v. *Lumbermens Mut. Casualty Co., supra* at 354. A claim for loss of consortium stands on different footing, however. "We believe there is a major difference

*Sheffield* v. *American Indem. Co.*, 245 S.C. 389, 392 (1965); *Maryland Casualty Co.* v. *Gordon*, 52 Tenn. App. 1, 25 (1963). Compare *Diamond Int'l Corp.* v. *Allstate Ins. Co.*, 712 F.2d 1498, 1504-1505 (1st Cir. 1983) (general liability policy covering damages "because of bodily injury" does not cover loss of consortium claim).

between these two causes of action. Unlike loss of consortium, the expense of medical care does not constitute an independent tort against the uninjured spouse, but merely represents one form of damages which flow from the other spouse's injury." *Feltch* v. *General Rental Co., supra* at 607 n.6.[7]

In *Vokey* v. *Massachusetts Insurers Insolvency Fund*, 381 Mass. 386 (1980), we intimated, although the issue was not directly before us, that a loss of consortium claimant is entitled to separate "per person" coverage, *id*. at 388-389, and that a contrary interpretation would improperly merge the recovery of the loss of consortium claimant with that of the person sustaining bodily injury, *id*. at 390 n.5. Because we conclude that the insurers' interpretation is incompatible with the independent status of the loss of consortium injury as well as with the language of the policy, we hold that additional "per person" coverage exists for the distinct injury suffered by a loss of consortium claimant.[8]

---

[7] If a spouse incurring expenses relating to treatment of bodily injuries sustained by the other spouse were considered a separate injured person for purposes of "per person" coverage, spouses could allocate the damages of the bodily-injured spouse so as to maximize insurance coverage. Loss of consortium, by contrast, is not an injury that can be transferred between spouses so as to circumvent policy limits.

[8] To the extent that *Dunn* v. *Travelers Ins. Co., supra,* is inconsistent with our holding, we note that it was decided prior to our decision in *Feltch* v. *General Rental Co.*, 383 Mass. 603 (1981), in which we determined that loss of consortium is an independent claim belonging to the spouse (or child) of the physically-injured person. Compare *Travelers Indem. Co.* v. *Cornelsen*, 272 Md. 48, 51 (1973), cited by the Appeals Court, in which loss of consortium was characterized as injury to the marital unit. Further, the Appeals Court relied on *Saltzberg*, which, as we have noted, does not control the question here presented. The Appeals Court in *Dunn* also found support for its interpretation of the policy before it in cases involving policies that, unlike the policies we review, explicitly incorporated recovery for loss of consortium within the "per person" limit applicable to the bodily-injured party. See *Napier* v. *Banks*, 9 Ohio App. 2d 265, 268 (1967); *Sheffield* v. *American Indem. Co.*, 245 S.C. 389, 392-393 (1965). See also *Smith* v. *State Farm Mut. Auto. Ins. Co.*, 252 Ark. 57, 58 (1972); *State Farm Mut. Auto. Ins. Co.* v. *Ball*, 127 Cal. App. 3d 568, 570-571 (1981); *Williams* v. *State Farm Mut. Auto. Ins. Co.*, 99 N.J. Super. 377, 379 (1968); *Greenberg* v. *Medi-Cab Inc. of N.Y.*, 114 Misc. 2d 104, 107 (N.Y. Sup. Ct. 1982); *Smith* v. *Cassida*, 403 Pa. 404, 406-407 (1961).

Accordingly, we remand Robert Bilodeau *vs.* Lumbermens Mutual Casualty Company to the Superior Court for the entry of a declaratory judgment that Lumbermens is liable to Bilodeau in the liquidated amount of $42,500. We reverse the judgment in Royal Insurance Company of America *vs.* Stanley J. Jarzembowski & others, and remand the case to the Superior Court for the entry of a declaratory judgment that the insurer is liable within the $20,000 "per accident" limit for any damages awarded in the primary action to Ann Marie Jarzembowski and the Jarzembowski daughters for loss of consortium.[9]

*So ordered.*

---

[9] The issue of the appropriate treatment of loss of consortium claims arises in these cases because of the lack of explicit resolution of the question by G. L. c. 90, § 34A, or the standard policy. It may be that the failure of the statute and policy to keep pace with the evolution of the cause of action for loss of consortium has forced insurers into the untenable position that a loss of consortium claimant is within the policy coverage, but not a separate "person" for purposes of liability limits. Action by the Legislature to amend the statute, or permission of the Commissioner of Insurance to clarify the extent of coverage for consortium claims, would be beneficial to insurers as well as policyholders.