MICHAEL D. DOYON, administrator, vs. THE TRAVELERS
INDEMNITY COMPANY.

Middlesex. April 14, 1986. — June 10, 1986.

Present: GRANT, KAPLAN, & PERRETTA, JJ.

*Insurance,* Motor vehicle insurance. *Husband and Wife,* Consor-
tium. *Parent and Child,* Companionship and society. *Damages,* Loss
of consortium, Loss of companionship and society. *Words,* "Per person."

In an action brought by the administrator of a decedent's estate in cir-
cumstances giving rise to a claim under G. L. c. 229, § 2, for the
decedent's wrongful death, but not a claim for conscious pain and suf-
fering, allegations of loss of consortium and society by the wife and
child of the decedent, who had been struck by an automobile owned
and operated by the defendant's insured, were separate ingredients of a
single, indivisible amount which could be recovered under § 2 by the
administrator for the benefit of all the persons who were to share in the
recovery, and consequently, the insured was liable for only a single
$100,000 "per person" recovery within the "per accident" limit of the
insured's standard form of compulsory private passenger automobile
insurance policy. [338-339]

CIVIL ACTION commenced in the Superior Court Department
on December 28, 1984.

The case was heard by *Herbert Abrams*, J., on a motion for
summary judgment.

*Walter C. Gallagher* for the defendant.
*Michael P. Friedman* for the plaintiff.

GRANT, J. The plaintiff's intestate died as the result of in-
juries sustained by him when, on September 16, 1983, he was
struck by an automobile owned and operated by the defendant's
insured. He was survived by his wife and a minor child. The
circumstances were such as to give rise to a claim for wrongful
death under G. L. c. 229, § 2 (as appearing in St. 1973, c. 699,
§ 1), but not a claim for conscious pain and suffering. The
plaintiff commenced an action against the insured in the

Superior Court in which he pressed the claim for wrongful death.

The policy issued by the defendant contains (1) compulsory and optional coverages insuring the owner and operator against liability for bodily injuries to others and (2) policy limits of $100,000 per person and $300,000 per accident which are virtually identical to those set out and considered in *Bilodeau* v. *Lumbermens Mut. Cas. Co.,* 392 Mass. 537, 540-541 (1984).[1] The plaintiff, his appetite whetted by the holding in the *Bilodeau* case, contends, in effect, that the wife and child are separate "persons" for purposes of the "per person" as well as the "per accident" limits of the policy. The defendant has paid a single amount of $100,000 under an agreement which provides that the plaintiff shall have the right to claim that the defendant is liable for additional damages of as much as $100,000, based on the theory that there are two claimants. The plaintiff brought the present action in the Superior Court to secure declaratory relief consistent with his theory. The defendant has appealed from a summary judgment favorable to the plaintiff. There is no dispute as to the facts.

There is a dispute as to the relevance of the *Bilodeau* case, in which the principal plaintiff was physically injured but not killed and it was held that the plaintiff's wife was a separate "person" from her husband for the purpose of asserting her claim for loss of consortium. In the present case there is no claim for conscious pain and suffering on the part of the only person physically injured. To the contrary, we have an administrator who is employing the wrongful death statute as the vehicle for asserting, among other claims, the wife's claim for loss of consortium (*Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 154-155, 163-168 [1973]) and the child's claim for loss of the companionship and society of his parent (*Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507, 509-516 [1980]).

---

[1] We do not set those provisions out here because, as will be seen, we are of opinion that the rights of the parties in this case are to be determined by the provisions of the wrongful death statute (G. L. c. 229, § 2) rather than by the language of the policy. The language considered in the *Bilodeau* case was changed by the Commissioner of Insurance effective January 1, 1985. See *Liberty Mut. Ins. Co.* v. *Commissioner of Ins.,* 395 Mass. 765, 770-772, 776 (1985).

The nature of the claims requires us to examine the recent history and present provisions of the wrongful death statute. During the period January 1, 1950 (St. 1949, c. 427, § 11), through December 31, 1973 (St. 1973, c. 699, § 2), what is now G. L. c. 229, § 2 (1984 ed.), provided that the damages in a wrongful death case were to be "assessed [within specified limits of liability] with reference to the degree of the [defendant's] culpability." See St. 1949, c. 427, § 3; St. 1958, c. 238, § 1; St. 1965, c. 683, § 1. Under provisions such as those, the amount of the recovery did not vary with the number of persons who were to share in the recovery under whatever was the relevant formula set out in G. L. c. 229, § 1, as appearing in St. 1949, c. 427, § 1. *Gaudette* v. *Webb,* 362 Mass. 60, 72-74 & n.9 (1972). See also *Oulighan* v. *Butler,* 189 Mass. 287, 295 (1905); *Brown* v. *Thayer,* 212 Mass. 392, 399 (1912).

The wrongful death statute acquired its present content in 1973, when the provisions of G. L. c. 229, § 2, were completely rewritten (by St. 1973, c. 699, § 1) to read in pertinent part as follows: "A person who (1) by his negligence causes the death of a person . . . shall be liable in damages in the amount [singular] of: the fair monetary value of the decedent to the persons [plural] entitled to receive the damages recovered, as provided in section one, *including* but not limited to *compensation for the loss of* the reasonably expected net income, *services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent* to the persons [plural] entitled to the damages recovered . . ." (emphasis and words in brackets supplied). See *Guy* v. *Johnson,* 15 Mass. App. Ct. 757, 759-760 (1983). The 1973 revision, consistent with the shift from punitive to compensatory damages, set no monetary limit on the total amount of damages which can be recovered.

There is no longer any room for doubt that damages for a wife's loss of consortium and for a minor child's loss of the companionship and society of his parent are both comprehended within the scope of so much of § 2 as has been italicized above. See *Ferris* v. *Monsanto Co.,* 380 Mass. 694, 694 n.1 (1980); *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. at 515;

*Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 334 (1982). We think it equally clear from the use in § 2 of the words "the amount," denoting the singular, in juxtaposition with the same section's use of the phrases "the persons entitled to receive the damages recovered, as provided in section one" and "the persons entitled to the damages recovered," both denoting the plural, that the claims of a wife and a child are simply separate ingredients of a single amount which can be recovered by the personal representative of the decedent for the benefit of all the persons who are to share in the recovery in accordance with whatever is the appropriate formula set out in § 1.[2] Loss of financial support is just another ingredient of that amount. The amount can swell or shrink from case to case, depending on the total number of beneficiaries identified in the relevant formula[3] and the damages sustained by each, but when all is said and done, the person responsible for the death is liable under § 2 for only a single, indivisible amount.

It follows that the court below was in error in concluding that the defendant could be held responsible for more than the single amount of $100,000 which it has already paid in accordance with the settlement negotiated between the parties. This is a case in which summary judgment should have been entered against the moving party under Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). Accordingly, the judgment is reversed, and a new judgment is to be entered which declares that there is no further coverage available to the plaintiff under the policy in question.

*So ordered.*

---

[2] The formula applicable in the circumstances of this case is the one found in G. L. c. 229, § 1(2), which provides: "If the deceased shall have been survived by a wife . . . and by one child . . ., then one half to the use of [the] surviving spouse and one half to the use of such child . . . ."

[3] For a particular application of one of the formulas, see *Guy* v. *Johnson,* 15 Mass. App. Ct. at 758, 763.