NICOLA COLAGIOVANNI *vs.* METROPOLITAN LIFE INSURANCE COMPANY *et al.*

MARCH 12, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This is an action in assumpsit upon an industrial life insurance policy issued by the Metropolitan Life Insurance Company on the life of Eustachio Rossi. The plaintiff sued the company and the administrator of the estate of said Rossi. At the trial in the Superior Court a justice of that court, sitting without a jury, gave a decision for $359.60 in favor of the plaintiff. The case is before us on the exception of the defendant insurance company to this decision of the trial justice.

The testimony shows that on July 15, 1929, Eustachio Rossi, a distant relative of the plaintiff by marriage, who had received care and assistance from the plaintiff and his wife for an extended period of time, came to the plaintiff's house with an agent of the defendant insurance company stating that he desired to make the plaintiff the beneficiary in an industrial life insurance policy to be taken out on his, Rossi's, life. The plaintiff was illiterate and the father of seven children, the oldest of whom at that time was eight years of age. The insurance agent, in response to plaintiff's inquiry, informed him that the person who paid the premiums would be entitled to the proceeds of the policy. On July 29, 1929, the company issued a policy on Rossi's life, with the usual facility of payment clause and payable to the executor or administrator of the insured. This policy and the premium book were delivered by the company to the plaintiff and remained in his possession until the death of the insured on December 19, 1934. The plaintiff paid all premiums, believing all the while that by the policy the insurance was payable to him on Rossi's

death. Upon the death of the insured, a representative of the company called upon the plaintiff and induced him to surrender the policy and the premium book, in return for a receipt of the company, upon the representation that the plaintiff would receive the proceeds of the policy within about ten days. The company later paid the amount of the policy to the administrator of the insured's estate. The plaintiff thereupon brought this action against the insurance company and the administrator.

The declaration is in two counts, one on the policy and the other on the common counts. The trial justice found as a fact that the plaintiff "met the representative of the company and arranged for insurance on this particular policy which he understood would be payable to him by the terms of the policy, or paid to him by the exercise of the right of election of payment by the company." He further found that the "plaintiff paid the premiums out of his own pocket and the company knew he was paying the premiums and the company had been receiving these premiums for some time on the policy." It is quite apparent from these findings of fact that the trial justice based his decision on the theory that there was no effective contract between the plaintiff and the company. He therefore gave his decision for the plaintiff in the sum of $344, with interest, which sum he computed as the total amount of the premiums received by the company from the plaintiff.

An insurance contract is governed by the same rules as are applicable to contracts generally. The evidence in the instant case clearly establishes that the company did not issue the policy which this illiterate plaintiff understood he was to receive. It further establishes that he paid all the premiums under a mistake of fact, believing that the policy was payable to him; and that he had no notice of such mistake.

On the other hand, the company had notice that he was paying the premiums and it had sufficient information to

put it upon notice that he was paying them under such mistake. After the death of the insured, the company, with notice of these facts and that the plaintiff had held the policy and had surrendered it to the company's agent on the latter's promise that the insurance money would be paid to the plaintiff within a few days, paid it to the administrator, although it was authorized to pay it to the plaintiff under the facility of payment clause in the policy. There was no proof of laches on his part.

On these facts, shown by the evidence, the case is clearly distinguishable from *Monast* v. *Manhattan Life Insurance Co.*, 32 R. I. 557, which is strongly relied on by the defendant. They fully support the decision of the trial justice in favor of the plaintiff on the question of liability.

The trial justice, however, was in error as to the amount of the premiums paid. The premium called for by the policy and paid by the plaintiff was one dollar a week. From an inspection of the exhibits in evidence, it appears that but two hundred eighty-one weeks elapsed between the date on the policy, July 29, 1929, and the death of the insured, December 19, 1934. The plaintiff was, therefore, entitled to a decision for $281.00, with interest on the payments from the date of the policy.

The exception of the defendant Metropolitan Life Insurance Company is sustained on the ground of excessive damages and the case is remitted to the Superior Court for a new trial, unless the plaintiff, on or before March 24, 1937, shall file in the office of the clerk of the Superior Court a remittitur of all the sum awarded by said decision in excess of said sum of $281.00, with interest. If said remittitur shall be duly filed, the Superior Court shall thereupon enter judgment for the plaintiff against the defendant insurance company upon the decision as reduced by said remittitur.

*Benjamin Cianciarulo,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for defendant.