Louis A. MALO

v.

AETNA CASUALTY AND SURETY COMPANY.

No. 80–491–Appeal.

Supreme Court of Rhode Island.

May 17, 1983.

Don G. Sinesi, Providence, for plaintiff.

Robert W. Lovegreen, James Marusak, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This matter is before the court pursuant to G.L.1956 (1969 Reenactment) § 9–24–25 and Rule 72(a) of the Superior Court Rules of Civil Procedure, which provide that upon the filing of an agreed statement of facts by the parties to any civil action pending in a District Court or Superior Court, that court may certify the action to the Supreme Court upon the filing of a motion by one of the parties and a hearing thereon. The issue presented by this action is as follows:

"Is plaintiff, who has received personal injuries while a passenger in an unowned uninsured motor vehicle, entitled to uninsured motorist coverage from defendant under an automobile liability policy issued to plaintiff's mother with whom he resided at the time of the accident when, at the same time, he owned an uninsured motor vehicle?"

The parties' agreed statement of facts reveals the following. On May 15, 1978, plaintiff, Louis A. Malo, sustained personal injuries as a result of an accident involving a motor vehicle owned and operated by Harold Lowry in which plaintiff was a passenger. At the time of the accident Mr. Lowry did not have any automobile-liability insurance. However, on May 15, 1978, Catherine Malo, plaintiff's mother, was the named insured under a motor-vehicle liability-insurance policy issued by defendant, Aetna Casualty and Surety Company. Under the provisions of the uninsured-motorist coverage of this policy, the term "insured" includes the named insured and any relative. The applicable definitions portion of the policy defines "relative" as "a person related to the named Insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile." On May 15, 1978, plaintiff resided with his parents and owned an uninsured private-passenger automobile.

■ The plaintiff contends that he is entitled to uninsured-motorist coverage under his mother's policy because a reading of the relevant provisions of the policy and the terms of a plain-English Agreement reveals an ambiguity in regard to what persons are eligible for such coverage. Rhode Island law mandates that when an ambiguity exists in an insurance contract, the terms should be interpreted so as to favor the insured. He asserts that the exclusion of a relative who owns an automobile was intended to apply only to the situation in which a resident relative is injured while driving his own uninsured motor vehicle and not to a case such as plaintiff's in which the resident relative's uninsured automobile is not involved in the accident. Alternatively, plaintiff argues that should this court find the terms of the policy unambiguous, the exclusion as it affects plaintiff is against the public policy enunciated in G.L. 1956 (1979 Reenactment) § 27–7–2.1, the uninsured-motorist-coverage statute.

■ In interpreting the contested terms of the insurance policy, we are bound by the rules established for the construction of contracts generally. *Colagiovanni v. Metropolitan Life Insurance Co.,* 57 R.I. 486, 190 A. 459 (1937). The language used in the policy must be given its plain, ordinary, and usual meaning. *Bush v. Nationwide Mutual Insurance Co.,* R.I., 448 A.2d 782 (1982); *Hughes v. American Universal Insurance Co.,* R.I., 423 A.2d 1171 (1980); *Elliott Leases Cars, Inc. v. Quigley,* 118 R.I. 321, 373 A.2d 810 (1977). When the terms are found to be clear and unambiguous, the task of judicial construction is at an end. The contract terms must then be applied as written and the parties are bound by them. *Bush v. Nationwide Mutual Insurance Co.,* R.I., 448 A.2d 782 (1982); *Hughes v. American Universal Insurance Co.,* R.I., 423 A.2d 1171 (1980); *Factory Mutual Liability In-*

*surance Co. of America v. Cooper,* 106 R.I. 632, 262 A.2d 370 (1970).

■ After examining the language of Mrs. Malo's insurance policy, we conclude that the definition of the term "relative" under the uninsured-motorist-coverage provisions is clear and unambiguous.[1] The plain, ordinary meaning of the language is that a relative residing with the named insured is eligible for uninsured-motorist coverage under the named insured's policy *unless* that person, or his or her spouse, owns an automobile. Application of this unambiguous language does not result in any absurd consequences, and therefore it must be applied as written. The plaintiff clearly falls within the exclusion from coverage because, although he resided with his parents, he was the owner of a private-passenger automobile at the time of the accident.

Furthermore, the exclusion of plaintiff from uninsured-motorist coverage under his mother's policy does not contravene any public policy. Section 27–7–2.1 states, inter alia, that in each liability-insurance policy an insurer must provide some minimum protection against property damage and personal injury caused by uninsured motorists "for the protection of persons insured thereunder." We have previously stated that

"[i]n enacting this statute, the legislature intended that, as a matter of public policy, protection should be given the named insured in such policies against economic loss resulting from injuries sustained by reason of the negligent operation of uninsured motor vehicles or hit-and-run motor vehicles."

*Aldcroft v. Fidelity and Casualty Co. of New York,* 106 R.I. 311, 318, 259 A.2d 408, 413 (1969).

Neither the terms of the statute nor the public policy expressed therein mandates

---

**1.** The plaintiff's reliance on the document entitled "Agreement" to create an ambiguity is misplaced. This document was sent to Mrs. Malo with a renewal declaration form dated June 26, 1979, over one year after plaintiff's accident. The plaintiff contends that this "plain English" explanation of the insurance contract should be considered part of the policy. Because plaintiff's mother did not receive this Agreement until 1979, we conclude that the document is not relevant to the interpretation of the terms of the insurance policy in effect on May 15, 1978, the date of the accident.

what class of persons must be extended coverage, nor do they disallow any restriction on that class. Rather, the designation of what persons are insured for purposes of this statute is left to the terms of the particular insurance policy. According to the clear and unambiguous terms of plaintiff's mother's policy, plaintiff is specifically excluded from coverage because, by his own admission, he was the owner of a private automobile at the time of the accident. Restriction of this extended coverage to relatives residing with the named insured who do not own an automobile is not unreasonable and does not negate the intent of the Legislature.

Our conclusion that the terms of the policy are clear and unambiguous and do not contravene the public policy expressed in § 27–7–2.1 is in accord with the decisions of courts of other jurisdictions which have been confronted with similar, if not identical, exclusions and uninsured-motorist-coverage statutes. *See, e.g., Liberty Mutual Fire Insurance Co. v. Kessler,* 232 So.2d 213 (Fla.Dist.Ct.App.1970); *Lewis v. American Family Insurance Group,* 555 S.W.2d 579 (Ky.1977); *Robertson v. Cumis Insurance Co.,* 355 So.2d 1371 (La.App.1978).

Accordingly, the papers in this case with our decision endorsed thereon shall be returned to the Superior Court for further proceedings.