**Alfred FERREIRA, Jr., and Elizabeth Ferreira**

v.

**The TRAVELERS INSURANCE COMPANY.**

**Civ. A. No. 86–0731 L.**

United States District Court,
D.Rhode Island,
First Division.

May 5, 1988.

---

Stephen G. Linder, Providence, R.I., for plaintiff.

Kevin M. Cain, Providence, R.I., for defendant.

## OPINION

LAGUEUX, District Judge.

This is an action seeking recovery under the uninsured motorist provisions of an automobile liability insurance policy. The matter is before the Court on defendant's motion for summary judgment and plaintiffs' motion for partial summary judgment. The issue presented is whether under the uninsured motorist clause of the policy issued to Alfred and Elizabeth Ferreira by The Travelers Insurance Company, Mrs. Ferreira can recover for loss of consortium arising out of her husband's bodily injuries and, if so, whether her claim is subject to the "per person" limitation applicable to Mr. Ferreira's claim, or the "per accident" limitation of the policy. The Court heard oral argument on these issues and took the motions under advisement. The matter now is in order for decision.

The parties have agreed on the following facts: On August 3, 1985 Alfred Ferreira was operating a motor vehicle owned by the Providence Journal Company when he was hit by a motor vehicle owned by Richard LeMay and operated by Keith J. Medeiros. At the time, no liability insurance policy covered either Medeiros or the vehicle owned by LeMay for this collision. As a result of the accident, Mr. Ferreira sustained certain bodily injuries. The parties agree that the reasonable compensation for Mr. Ferreira's injuries exceeds $25,000. They also agree that as a result of the accident Mrs. Ferreira, who was not present at the accident scene, suffered a loss of consortium. The parties do not agree, however, on whether the uninsured motorist clause of the policy provides coverage for loss of consortium, the amount of reasonable compensation for this loss, and the appropriate policy limit.

## THE INSURANCE POLICY

On March 6, 1985, defendant issued an automobile liability insurance policy to Alfred and Elizabeth Ferreira providing coverage for the period April 5, 1985 to October 5, 1985. The policy designated both Alfred and Elizabeth Ferreira as named insureds and covered their two cars. In addition to securing liability and medical expense coverage arising out of an accident, the Ferreiras paid two separate premiums to obtain coverage for damages they might incur arising out of an accident with an uninsured motorist. The terms of the uninsured motorist insurance relevant to this case are as follows:

COVERAGE D—Uninsured Motorists (Bodily Injury Only) *We* will pay damages that the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury suffered by the *insured* and caused by accident. Liability for such damages must arise out of the ownership maintenance or use of the *uninsured motor vehicle.*

In the policy there are specific definitions for the underlined words. For example, "insured" is more fully defined for the

purpose of the uninsured motorist insurance as follows:

WHO IS AN INSURED

*You* and a *relative* are *insureds*. Anyone else while *occupying your car* if the occupancy is (or is reasonably believed to be) with your permission, or while *occupying* a *non-owned car* which *you* are operating with the owner's permission, is also an *insured*. Any other person is also an *insured* but only for damages that person is entitled to collect because of bodily injury suffered by an *insured* described in either of the two preceding sentences.

The policy also contains language limiting the liability of the insurance company.

LIMIT OF LIABILITY

Regardless of the number of *insureds*, claims made, vehicles or premiums shown on the declarations page or vehicles involved in the accident, the most *we* will pay for damages resulting from bodily injury to the *insured* is the applicable limit of liability.

This limit is shown on the declarations page of this policy for Coverage D. (uninsured motorists insurance).

The applicable limit shown for "each person" is the most *we* will pay for all damages suffered for bodily injury by one *insured* in any one accident.

Subject to the limit for "each person", the applicable limit shown for "each accident" is the most we will pay for all damages for bodily injury suffered by all *insureds* in any one accident.

The declarations page specifies the applicable limit for "each person" in a collision with an uninsured motorist at $25,000 and the applicable limit for "each accident" at $50,000.

### Applicable Law and Standard of Decision

Since this is a diversity case involving a Rhode Island insurance policy, this Court must determine the rights of the parties to the insurance contract under Rhode Island law. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Lyons v. Salve Regina Col-*

*lege,* 565 F.2d 200 (1st Cir.1977). The parties have moved for summary judgment under Fed.R.Civ.P. 56. Summary judgment can only be granted where there is no genuine issue as to any material fact and where the movant is entitled to judgment as a matter of law. *Emery v. Merrimack Valley Wood Products, Inc.,* 701 F.2d 985, 986 (1st Cir.1983). In determining whether these conditions have been met, the Court must view the record in the light most favorable to the party opposing the motion. *Id.*

### The Rights of the Parties Under the Policy

*Alfred Ferreira*

The parties agree that Mr. Ferreira is a named insured and that he sustained bodily injuries in an accident with an uninsured motorist. Thus, Mr. Ferreira is entitled to recover damages under the policy. The policy states "the applicable limit shown for 'each person' [here $25,000] is the most *we* will pay for all damages suffered for bodily injury by one *insured* in any one accident." Because the parties agree that reasonable compensation for his bodily injuries exceed $25,000, the company is obligated to pay Mr. Ferreira $25,000 for his bodily injuries.

*Elizabeth Ferreira*

The parties have agreed that Mrs. Ferreira has suffered a loss of consortium because Mr. Ferreira sustained bodily injuries in the accident with an uninsured motorist. The insurance company claims, however, that Mrs. Ferreira is not entitled to compensation under the policy because loss of consortium is not a claim for bodily injury within the meaning of the policy. At oral argument, counsel for the insurance company stated:

The specific language in the policy requires that before one is entitled to uninsured motorist benefits there must be a bodily injury to that insured.... While the person suffering a loss of consortium, the uninjured spouse in the accident, may well have physical components to the loss of consortium, anxiety, loss of sleep, perhaps even some physical distur-

bance, it's not a bodily injury to that spouse; it's an injury to the conjugal fellowship for which the loss of consortium claim was established.

This contention is without merit. The policy does not require that one must suffer bodily injuries before being entitled to recover under the uninsured motorist clause. The policy clearly intends to provide coverage to individuals who do not themselves suffer bodily injuries in an accident with an uninsured motorist. Indeed the policy specifically defines a person as an "insured" in order to provide this coverage:

> Any other person is also an insured but only for damages that person is entitled to collect because of bodily injury suffered by an *insured* described in either of the two proceeding sentences.

R.I.Gen.Laws § 9–1–41(a) provides, "A married person is entitled to recover damages for loss of consortium caused by tortious injury to his or her spouse." Under § 9–1–41, Mrs. Ferreira is entitled to recover for loss of consortium resulting from her husband's bodily injuries. Clearly, this policy provides coverage for a loss of consortium claim. The policy does not require that Mrs. Ferreira suffer a bodily injury herself before recovering for this loss.

Because this Court holds that Mrs. Ferreira can recover for loss of consortium under the policy even though she did not sustain a bodily injury, it is unnecessary to address plaintiffs' contention that loss of consortium is a bodily injury. It should be noted, however, that while the Rhode Island Supreme Court has never directly addressed this issue, the overwhelming majority of jurisdictions deciding this point have held that loss of consortium is not a "bodily injury" to the deprived spouse. *See, e.g., Diamond Int'l Corp. v. Allstate Insurance Co.,* 712 F.2d 1498, 1504 (1st Cir.1983) (applying New Hampshire law); *Bilodeau v. Lumbermens Mut. Cas. Co.,* 392 Mass. 537, 467 N.E.2d 137 (1984); *State Farm Mut. Auto Ins. Co. v. Ball,* 127 Cal.App.3d 568, 179 Cal.Rptr. 644, 646 (1981); *Arguello v. State Farm Mut. Auto Ins. Co.,* 42 Colo.App. 372, 599 P.2d 266,

268–69 (1979); *Auto Club Ins. Ass'n v. Lanyon,* 142 Mich.App. 108, 369 N.W.2d 269, 271–72 (1985). *Thompson v. Grange Ins. Ass'n.,* 34 Wash.App. 151, 660 P.2d 307 (1983). *But see Abellon v. Hartford Ins. Co.,* 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985) (whether loss of consortium gave rise to bodily injury in deprived spouse is question of fact involving medical or psychological problem of proof).

■ Defendant next argues that even if the policy provides coverage for loss of consortium, Mrs. Ferreira may not recover her damages in this case because Mr. Ferreira's claim exhausts the amount the insurance company is obligated to pay under the policy's limit of liability provision. The policy provides:

> The applicable limit shown for "each person" [$25,000] is the most we will pay for all damages suffered for bodily injury by one *insured* in any one accident.

> Subject to the limit for "each person", the applicable limit shown for "each accident" [$50,000] is the most *we* will pay for all damages for bodily injury suffered by all *insureds* in any one accident.

Defendant claims that this language establishes that $25,000 is the maximum amount that it is obligated to pay for all damages arising out of Mr. Ferreira's bodily injuries including Mrs. Ferreira's loss of consortium. Thus, it is argued, Mrs. Ferreira's loss of consortium claim is subject to the "per person" limitation applicable to Mr. Ferreira's claim for bodily injuries. Plaintiffs, however, contend that this language should be construed to provide Mrs. Ferreira with up to $25,000 of coverage for her loss of consortium claim arising out of her husband's bodily injuries. The company's limit of liability, plaintiffs assert, is a separate "per person" limit of $25,000 for each insured.

The principles applicable to the construction of a policy of insurance subject to Rhode Island law are well settled. An appropriate statement of the guiding rules was set forth in *Malo v. Aetna Casualty and Surety Co.,* 459 A.2d 954, 956 (R.I. 1983):

In interpreting the contested terms of the insurance policy, we are bound by the rules established for the construction of contracts generally. *Colagiovanni v. Metropolitan Ins. Co.*, 57 R.I. 486, 190 A. 459 (1937). The language used in the policy must be given its plain, ordinary, and usual meaning. *Bush v. Nationwide Mutual Insurance Co.*, R.I., 448 A.2d 782 (1982); *Hughes v. American Universal Insurance Co.*, R.I., 423 A.2d 1171 (1980); *Elliott Leases Cars, Inc. v. Quigley*, 118 R.I. 321, 373 A.2d 810 (1971). When the terms are found to be clear and unambiguous, the task of judicial construction is at an end. The contract terms must then be applied as written and the parties are bound by them. *Bush v. Nationwide Mutual Insurance Co.*, R.I., 448 A.2d 782 (1982); *Hughes v. American Universal Insurance Co.*, R.I., 423 A.2d 1171 (1980); *Factory Mutual Liability Insurance Co. of America v. Cooper*, 106 R.I. 632, 262 A.2d 370 (1970).

However, "when the language employed by an insurer is ambiguous or susceptible to one or more reasonable interpretations, it will be strictly construed against the insurer." *Goucher v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 672, 681, 324 A.2d 657, 662 (1974). *See also Nagy v. Lumbermens Mutual Casualty Co.*, 100 R.I. 734, 740, 219 A.2d 396, 400 (1966); *Bennett Chevrolet Co. v. Bankers & Shippers Insurance Co.*, 58 R.I. 16, 19, 190 A. 863, 864 (1937). The test to be applied is not what the insurer may have intended, but what the ordinary insured, unskilled in the parlance of the industry, would reasonably have understood. *Elliott Leases Cars, Inc. v. Quigley*, 118 R.I. 321, 325–26, 373 A.2d 810, 812 (1977). Thus, the threshold question becomes whether or not the language in this policy is ambiguous.

In the present case, the limit of liability provision is ambiguous because the uninsured motorist policy provides several definitions of the word "insured." Mrs. Ferreira is an insured in this situation because, as discussed above, the policy states that a person is an insured "for damages that person is entitled to collect because of bodi-

ly injury" suffered by another insured. Mr. Ferreira is an insured because the declarations page lists him as a named insured. In the present case the meaning of the limit of liability provision changes depending on which of the policy definitions of "insured" is inserted therein. If Mrs. Ferreira is inserted for "insured," the provision reads as follows:

> The applicable limit for "each person" is the most we will pay for all damages suffered for bodily injury by [Mrs. Ferreira].

Using this definition of insured, the clause would provide Mrs. Ferreira, the loss of consortium claimant, up to $25,000 for damages she sustained on account of her husband's bodily injuries. The extent of the company's obligation is reduced, however, if another of the policy's definition of insured is used instead. Thus, if Mr. Ferreira is inserted as insured, then the limit of liability provision reads this way:

> The applicable limit shown for "each person" is the most we will pay for all damages suffered for bodily injury by [Mr. Ferreira].

Now the policy appears to limit the company's obligation for all injuries arising from Mr. Ferreira's bodily injuries including Mrs. Ferreira's loss of consortium claim to $25,000. Because the policy's multiple definitions of insured renders the limit of liability provision susceptible to more than one reasonable interpretation, this Court must construe the provision in the manner most favorable to the insured. *Goucher, supra,* 113 R.I. at 681, 324 A.2d 657. Accordingly, this Court holds that, under the terms of the insurance contract in issue here, defendant insurance company is obligated to pay up to $25,000 to Mrs. Ferreira for damages sustained because of her loss of consortium due to her husband's injuries. The company's liability to Mrs. Ferreira for the loss of consortium damages to which she is legally entitled is limited only by a separate "per person" limit of $25,000 and, of course, the policy's "per accident" limit of $50,000.

This Court notes that the Rhode Island Superior Court reached the same result but

by slightly different means in *Laird, et al. v. Hanover Insurance Co.*, No. 86–4279 (Providence Superior Court, June 17, 1987). In *Laird*, the defendant insurance company had paid the per person limit of $50,000 to a woman who sustained bodily injury under her husband's uninsured motorist policy. The woman's husband and minor child brought a declaratory judgment action to establish that their claims for loss of consortium fell within the $100,000 per accident coverage of the policy. The policy language provided:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1. Sustained by a covered person; and
>
> 2. caused by an accident.

The Superior Court ruled that because the husband and child were "covered persons" who were "legally entitled" to recover "because of bodily injury" they were entitled to recover damages for loss of consortium under § 9–1–41. The Court stated that because the policy did not clearly exclude coverage for loss of consortium nor clearly limit recovery to a single "per person" figure, it would not "foreclose plaintiffs from pursuing this cause of action which they have a legal right to maintain." Resolving all ambiguities in favor of the insureds, the Court held that "the insurance policy provides coverage to plaintiffs up to the $100,-000 'per accident' limit of liability, not merely to the $50,000 per person limit, for the independent torts of loss of consortium, society and companionship."

The cases from other jurisdictions cited by the parties are of no particular assistance because in those cases whether the loss of consortium claim was held to be subject to a single "per person" limit or the "per accident" limit turned on the specific language of the policy involved. *See, e.g., Bilodeau v. Lumbermens Mut. Cas. Co.*, 392 Mass. 537, 467 N.E.2d 137 (1984) (loss of consortium subject to "per accident" limit); *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266, 271 (Mo.1983) (same); *Biondino v. Southern Farm Bureau Ca. Co.*, 319 So. 2d 152, 153 (Fla.Dist.Ct.App.1975) (loss of consortium subject to single "per person" limit); *Lepic v. Iowa Mut. Ins. Co.*, 402 N.W.2d 758 (Iowa 1987) (same). The guiding principle which dictates the result here is that ambiguities in the policy language must be resolved in favor of the insured. After all, the insurance companies have it within their power to write in clear and unambiguous terms.

## CONCLUSION

Under the terms of the insurance policy here involved and in light of the stipulated facts, Alfred Ferreira is entitled to $25,000 in damages for bodily injuries sustained in the accident with the uninsured motorist. Elizabeth Ferreira is entitled to recover up to $25,000 as damages for any loss of consortium which she has sustained because of her husband's bodily injuries. Therefore, defendant's motion for summary judgment is denied and plaintiff's motion for partial summary judgment is granted. Further proceedings will be scheduled to determine the actual amount of damages sustained by Mrs. Ferreira for loss of consortium.

*It is so Ordered.*