[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In this civil action, the parties disagree as to what are the limits of the defendant's exposure to the plaintiff's under a policy of automobile liability insurance issued by the defendant to the plaintiff, Kevin McEvoy. The case is submitted on an agreed statement of facts. Each side wants a declaratory judgment in its favor.
The agreed statement of facts may be summarized as follows. The defendant issued an automobile liability insurance policy to the plaintiff, Kevin E. McEvoy, which covered two automobiles, a 1982 Pontiac and a 1973 Chevrolet. While the policy was in force on January 21, 1989, the plaintiff's daughter, Crystal McEvoy, presumably an unemancipated minor, was injured and died as a result of the injuries caused by the negligent operation by Ronald F. Polion, Jr. of one of the automobiles insured under the policy issued by the defendant.
The plaintiffs initially claimed damages under both the liability coverage on the vehicle operated by Polion, who is otherwise uninsured, and the uninsured motorist coverage of the policy. In the agreed statement the plaintiffs claim only that Polion is a "covered person" under the liability coverage of the policy as a person using a "covered auto." Under the law of this state the policy lawfully excluded the covered automobiles from the category of "uninsured motor vehicle." Amica MutualInsurance Co. v. Streicker, 583 A.2d 550 (R.I. 1990).
The plaintiffs assert that the limit of liability under the policy for their claim is $50,000, because the "each accident" limit and not the "each person" limit of $25,000 applies to their claims. The plaintiffs also contend that because they paid a separate premium for liability insurance for each of the two vehicles insured under the policy the limits ought to be stacked by analogy to the stacking permitted for similar limits of uninsured motorists coverage. Cf. Taft v. Cerwonka,433 A.2d 215 (R.I. 1981). Needless to say, the defendant rejects both claims and has offered to pay the plaintiffs $25,000, which it contends is the limit of its exposure.
The plaintiffs' argument for stacking liability limits is half-hearted at best. Coverage for liability of persons covered by the policy for damages to third parties is totally conceptually different from coverage of persons insured by the policy for damages for which third parties are liable. In the first coverage money benefits are paid to third parties whose identity is unknown to the premium payer and liability arises out of the operation of a specific vehicle. In the other coverage money benefits are paid to persons covered by the policy whose identity is either known to or specifically contemplated by the premium payer. One who pays more than one premium has a right to expect more than one coverage.
The policy language reflecting this distinction is abundantly clear. The limits of liability for either "each person" or "each accident" are the most the carrier will pay ". . . regardless of the number of: . . . 3. Vehicles or premiums shown in the Declarations; . . ." Where policy language is clear and unambiguous and does not contravene any statute or public policy, it will be applied as written and the parties are bound by that language. Malo v. Aetna Casualty and Surety Co., 459 A.2d 954, 956 (R.I. 1983). No public policy, such as that expressed in G.L. 1956 (1989 Reenactment) § 27-7-2.1(C), dictates that liability coverages ought to be stacked. Actually, the absence of any legislative expression would tend to indicate that there is no such public policy.
The plaintiffs' claim that the "each accident" limit rather than the "each person" limit applies is more serious. The plaintiffs contend that their individual claims for loss of society and companionship of their unemancipated minor child under §§ 10-7-1.2(c) and 9-1-41(c) are sufficiently separate from their claims for damages under §§ 10-7-1 and 9-1-6(3) as administrators of the estate of their daughter as to entitle them to the "each accident" limits. They cite Abellon v. HartfordInsurance Co., 167 Cal.App.3d 21, 212 Cal.Rptr. 852 (1985),Bilodeau v. Lumbermens, 467 N.E.2d 137 (Mass. 1984), Bain v.Gleason, 726 P.2d 1153 (Mont. 1986), Christie v. Maxwell,
676 P.2d 1256 (Wash. Ct. 1985), Feltch v. General Rental,383 Mass. 603 (1981), and Ferreira v. Travelers Insurance Co., 684 F. Supp. 1150 (D.R.I. 1988). They also refer to a rescript of decision by another judge of this Court.
The defendant counters by citing Sama v. Cardi Corporation,569 A.2d 432 (R.I. 1990), Izzo v. Colonial Penn Insurance Co.,203 Conn. 305, 524 A.2d 641 (1987), Gillchrest v. Brown,532 A.2d 692 (Maine 1987), and Anno. Consortium Claim of Spouse,Parent or Child of Accident Victim as Within Extended "PerAccident" Coverage Rather Than "Per Person" Coverage ofAutomobile Liability Policy, 46 A.L.R. 4th 735. In Sama v. CardiCorporation, supra, an injured employee's wife sued her husband's employer for damages for loss of consortium due to injuries for which her husband was compensated under the Workers Compensation Act. This Court ruled that § 28-29-20 of the Act barred her claim. On appeal the Supreme Court held that the action permitted by § 9-1-41 was not an independent action "but a derivative one that is attached to the claim of the injured spouse. It arises from the injured spouse's physical injury and is dependent upon the success of the underlying tort claim." 569 A.2d, at 433. Since the husband could not sustain a successful tort claim, the wife's consortium claim must fail.
The defendant argues that the Sama holding is dispositive. The plaintiff argues that in this case the tort claim of the daughter, which survived her death, and the wrongful death claim are not barred by law, and so the claim of her parents, individually, for loss of her society and companionship does not fail, even if it is a derivative claim. They contend that the question is whether or not parties, like parents, who have a claim for damages arising out of the injury to another, like a minor child, are entitled to coverage in excess of the limits applicable to the claim of the party physically injured. Sama,
they say, does not reach that question. The defendant asserts that the plain language of the policy cannot be construed to extend its coverage beyond the "per person" limits.
The policy expressly provides: "The limit of liability shown in the Declarations for `each person' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident." Some courts have held that there is a latent ambiguity in this provision because the sustained clause could be read to modify "damages" as well as "bodily injury." In such a case, since more than one person has sustained damages, through loss of consortium, even though there was bodily injury to only one person, the "per person" limitation does not apply. The underpinning for this argument is an assumption that a claim for loss of consortium is independent and not simply derivative. The holding in Sama v. Cardi Corporation, supra, does not permit that assumption. Under those circumstances, Feltch v. GeneralRental, supra, and Bilodeau v. Lumbermens Casualty Co.,supra, which hold that a consortium claim is an independent, not derivative, claim in the Commonwealth of Massachusetts, have no weight in this jurisdiction. It is noteworthy that soon after the Bilodeau decision came down, the Massachusetts Commissioner of Insurance eliminated its effect by promulgating a mandatory policy endorsement. See, Santos v. Lumbermens Casualty Co.,408 Mass. 70, 556 N.E.2d 983, 988 (1990).
A careful reading of the language of the policy does not permit a construction that a person suffering a loss of consortium increases the number of persons sustaining bodily
injuries in any one accident. The policy refers to all damages for such bodily injuries. "All" must include derivative and consequential damages payable to persons other than the one who sustains the bodily injury. In Izzo v. Colonial Penn InsuranceCo., supra, the Connecticut Supreme Court put it succinctly:
 "An often cited reason for holding that a spouse's claim for loss of consortium is included within the `per person' limit of liability for damages because of bodily injury to one person is that the term `one person' repeatedly has been construed to refer to the person injured directly and the words `each occurrence' to include the injuries of several persons, regardless of how many persons may suffer loss. See, e.g., United Services Auto Assn. v. Warner, supra, 64 Cal.App.3d at 963, 135 Cal.Rptr. 34. The limitation applies to all damages sustained by all persons as a result of bodily injury to one person. This construction does not render the `per occurrence' limit a nullity because that provision applies to situations where more than `one person' suffers `bodily injury' in a single occurrence. See, e.g., Gass v. Carducci, 52 Ill. App.2d 394, 402a, 202 N.E.2d 73 (1964). It has been said that this `principle comports with sound logic and common sense.' United Services Auto Assn. v. Warner, supra. We agree." 524 A.2d, at 644.
This Court agrees, too.
The decision of the learned District Judge in Ferreira v.Travelers Ins. Co., 684 F. Supp. 1150 (D.R.I. 1988), is not apposite to the question presented here. In that case the court was considering the question of whether the "each person" or "each accident" limitations of uninsured motorist coverage would apply to the combined claims of the person who sustained bodily injury and the person who sustained a loss of consortium. The court found an ambiguity in the coverage language because the definition of "insured person" used in the limitation provision could refer to both the directly injured person and the spouse. The expression "insured" is not used in the language providing for "per person" limit of liability coverage. There is no ambiguity in the language of the policy limiting liability for all damages for bodily injury sustained by any one person in any one accident.
The decision of this Court in Laird v. Hanover InsuranceCo., C.A. No. PC 86-4279, June 17, 1987, involved the question of whether the "per person" limit applied to the combined claim of the physically injured party and the consortium claim of the spouse under uninsured motorist coverage. This Court held that both the bodily injured party and the spouse were "covered persons" under that coverage. As a result the insuring language was ambiguous because it did not expressly exclude a consortium claim from the "per accident" limit but did give a consortium claimant a right of action for the "independent tort of loss of consortium, society and companionship." The Sama decision deprives the Laird decision of the authoritative deference to which it would otherwise be entitled.
The plaintiffs' demands for declaratory judgments are denied and dismissed. The defendant's motion for judgment is granted. The defendant's coverage for tortious injury or death to the plaintiffs' decedent is limited to a single "per person" limit of $25,000 under their policy.