**ANGLO AMERICAN INSURANCE COMPANY, LTD.**

v.

**SHOOTERS AT INDIA POINT, INC. and Margarita Mujica, Individually and in her capacity as Administratrix of the estate of Henry Mujica.**

Civil Action No. 96–001–T.

United States District Court, D. Rhode Island.

April 24, 1997.

A. Lauriston Parks, Hanson, Curran, Parks & Whitman, Providence, RI, for Plaintiff.

Kevin J. McAllister, Brennan, Recupero, Cascione, Scungio & McAllister, Providence, RI, for Shooters at India Point, Inc.

Stephen A. Gordon, Providence, RI, for Margarita Mujica, Individually and in her capacity as Administratrix of the Estate of Henry Mujica.

## MEMORANDUM AND ORDER

TORRES, District Judge.

Anglo American Insurance Company, Ltd. (AAI) brought this action for a declaratory judgment pursuant to 28 U.S.C. § 2201. More specifically, AAI seeks a declaration that an insurance policy issued by AAI to Shooters at India Point, Inc. (Shooters), does not afford coverage for any liability that Shooters may have for the death of a patron who was assaulted as he left a restaurant/bar operated by Shooters.

The case is presently before the Court for consideration of cross-motions for summary judgment filed by AAI and Shooters. Because I find that AAI's policy excludes coverage for the incident in question, AAI's motion for summary judgment is granted and Shooters' motion for summary judgment is denied.

### Background

On July 18, 1993, Henry Mujica was a patron at Shooters' restaurant and bar. Upon returning to his car that was parked nearby, Mujica was assaulted by individuals whose identities are unknown. Mujica later died of the injuries sustained in that assault.

The administratrix of Mujica's estate sued Shooters alleging *inter alia* that Shooters negligently failed to protect and provide for the safety of its customers and negligently failed to come to Mujica's aid while he was being assaulted. Shooters, in turn, demanded that AAI defend and indemnify Shooters with respect to that claim pursuant to a liability insurance policy issued by AAI to Shooters.

AAI responded by commencing this declaratory judgment action in which it contends that the policy excludes coverage for claims arising out of assault and battery. In support of its motion for summary judgment, AAI cites the following provision contained in the policy:

### ASSAULT AND BATTERY/NEGLIGENT HIRING EXCLUSION

Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:

1) Assault and Battery, whether caused by or at the instructions of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever and;

2) Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to, or accounted for the assault and battery.

Shooters, on the other hand, contends that it is entitled to summary judgment because the exclusion for claims arising out of assault and battery applies only to those claims that are predicated on allegations of negligent hiring and/or supervision.

### The Summary Judgment Standard

Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In this case, none of the relevant facts are disputed. The only question to be decided is the meaning of the exclusion. Since construing the terms of an insurance policy is

a matter of law, the dispute is one that properly may be resolved via summary judgment. *See St. Paul Fire & Marine Ins. v. Warwick Dyeing,* 26 F.3d 1195, 1199 (1st Cir.1994).

### Discussion

Under Rhode Island law, when a provision contained in an insurance policy is clear and unambiguous, it must be applied as written. *Amica Mut. Ins. Co. v. Streicker,* 583 A.2d 550, 551 (R.I.1990) (citing *Malo v. Aetna Casualty & Surety Co.,* 459 A.2d 954, 956 (R.I.1983)); *Hughes v. American Universal Ins. Co.,* 423 A.2d 1171, 1173 (R.I. 1980). On the other hand, when an ambiguity exists, the Court must look beyond the language of the provision in order to determine its meaning. When the policy provision is susceptible to more than one reasonable interpretation, it should be construed strictly against the insurer. *Amica,* 583 A.2d at 552 (citations omitted); *St. Paul Fire & Marine Ins. Co.,* 26 F.3d at 1199 (citations omitted).

In determining whether an ambiguity exists, "[t]he policy must be examined in its entirety and the words used must be given their plain everyday meaning." *McGowan v. Connecticut Gen. Life Ins. Co.,* 110 R.I. 17, 289 A.2d 428, 429 (1972); *see also Textron, Inc. v. Aetna Casualty and Surety Co.,* 638 A.2d 537, 539 (R.I.1994); *Malo,* 459 A.2d at 956. A policy should not be deemed ambiguous solely on the basis of a word considered in isolation or a phrase taken out of context. *St. Paul Fire & Marine Ins. Co.,* 26 F.3d at 1199; *McGowan,* 289 A.2d at 429.

In this case, there is nothing ambiguous about the assault and battery exclusion. Although the exclusion could have been phrased more artfully, subparagraph one clearly precludes coverage for claims arising out of an assault and battery no matter who commits the assault and even though the assault may be attributable to negligence on the part of the insured.

Shooters has not challenged the all inclusive breadth of subparagraph one. Rather, Shooters contends that the reference to "exclusion" in the singular and the use of the conjunctive "and" between subparagraphs one and two indicate that the exclusion applies only to claims that *both* arise out of an assault *and* are based on allegations of negligent hiring or supervision. Because Mujica's administratrix has alleged negligent failure to provide for the safety of its patrons as opposed to negligent supervision of its employees, Shooters, therefore, argues that the exclusion is inapplicable.

The flaw in that argument is that it rests on the kind of piecemeal policy interpretation that has been rejected by the Rhode Island Supreme Court. *See McGowan,* 289 A.2d at 429. It is true that the absence of an "s" and the presence of an "and," when viewed in isolation by a grammarian, might suggest a single exclusion requiring satisfaction of both conditions. However, when these nuances are considered in context, it becomes apparent that the interpretation urged by Shooters would create an irreconcilable conflict between subparagraphs one and two and, further, that it would lead to an absurd result.

Subparagraph one unequivocally excludes claims arising from an assault and battery attributable to "any cause whatsoever." Superimposing the provisions of subparagraph two would render those words meaningless because the exclusion would apply only to assaults attributable to negligent hiring or supervision on the part of the insured. Such an interpretation would violate one of the cardinal principles of contract construction, namely, that whenever possible, the terms of a contract should be construed to be consistent with one another. *Psaty & Fuhrman, Inc. v. Housing Authority of Providence,* 76 R.I. 87, 68 A.2d 32, 35 (1949) ("construction [of a contractual provision] cannot render meaningless [another] express condition of the contract"); *see also Cohen v. Steve's Franchise Co., Inc.,* 927 F.2d 26, 29 (1st Cir.1991) ("A reading rendering contract language meaningless is to be avoided.") (applying Mass. law).

In addition, accepting Shooters' argument would create an anomalous situation in which an insured who intentionally assaults a patron would be covered due to the absence of any allegations of negligent supervision, but an insured whose liability is predicated merely on allegations of negligent supervision

would not be covered. Such a result would violate the canon that contracts should not be construed in a manner that renders them nonsensical.

In short, it is clear that the only reasonable way to read the exclusion, in question, is that it applies to any claim arising out of an assault and battery and that it applies even when it is alleged that the assault is related to the insured's negligent hiring or supervision of its employees.

### Conclusion

For all of the foregoing reasons, AAI's motion for summary judgment is GRANTED and Shooters' motion for summary judgment is DENIED. The Clerk is hereby directed to enter judgment in favor of AAI declaring that policy No. 92H06933873 does not afford liability coverage to Shooters for the claim asserted against it by the administratrix of the estate of Henry Mujica.

IT IS SO ORDERED.