Evan D. HOWARD

v.

GUIDANT MUTUAL INSURANCE GROUP.

No. 2000–204–Appeal.

Supreme Court of Rhode Island.

Oct. 17, 2001.

Paul V. Curcio, Todd D. White, Providence.

Paul V. Reynolds, Providence.

## ORDER

The plaintiff, Evan D. Howard, has appealed from a judgment that the defendant, Guidant Mutual Insurance Group (Guidant), had no duty to defend the plaintiff in an action brought against him by a third party. Pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided, this case came before the Supreme Court for oral argument on October 2, 2001. Having considered the oral arguments and the memoranda of the parties, we hold that cause has not been shown, and we therefore summarily affirm the judgment of the Superior Court.

While plaintiff was employed as pastor at Central Baptist Church in Providence, he engaged in sexual conduct with a parishioner, Joan Martin (Martin). After the affair ended, church authorities suspended Howard and instructed him to read a letter of apology to the congregation. In the letter, Howard allegedly implied that Martin was to blame for the affair. In 1999, Martin sued Howard on several counts, alleging negligence, assault and battery, and intentional infliction of emotional distress. Based on the contents of the letter, she also included claims for defamation, false light, and invasion of privacy.

During the applicable period, the church held a policy of insurance issued by Guidant. Howard submitted a claim under this policy, asking defendant to cover the costs of defending the Martin lawsuit. The defendant refused to pay, asserting that the events were excluded under three provisions of the policy: the sexual misconduct exclusions, an exclusion for publication of materials with knowledge of their falsity, and a provision stating that employees are covered only when acting within the scope of their employment. The

plaintiff filed a declaratory judgment action, and after the Superior Court determined that defendant had no duty to defend plaintiff in Martin's action, plaintiff appealed to this Court.

When called upon to review an issue of insurance coverage, we will not disturb the trial court's construction of the policy language unless there is an error of law. *Mallane v. Holyoke Mut. Ins. Co. in Salem,* 658 A.2d 18, 20 (R.I.1995) (citing *Mullins v. Federal Dairy Co.,* 568 A.2d 759, 762 (R.I.1990)). "As a general principle, this court will find that a duty to defend arises when the complaint in the underlying tort action contains facts sufficient to bring the case within or potentially within the coverage of the policy, regardless of whether the plaintiffs in the tort action will prevail on the merits." *Hingham Mut. Fire Ins. Co. v. Heroux,* 549 A.2d 265, 266 (R.I.1988).

It is axiomatic that "when the terms of an insurance policy are found to be clear and unambiguous, judicial construction is at an end. The contract terms must be applied as written and the parties bound by them." *Amica Mut. Ins. Co. v. Streicker,* 583 A.2d 550, 551 (R.I.1990) (citing *Malo v. Aetna Cas. & Sur. Co.,* 459 A.2d 954, 956 (R.I.1983)).

Despite an exclusion in the commercial general liability policy for "[a]ny personal injury, bodily injury and mental or emotional pain or anguish, sustained by any person arising out of or resulting from any actual or alleged act of sexual misconduct of any kind," plaintiff argued that Martin's claims of defamation, false light and invasion of privacy were not excluded under the terms of the policy. He asked us to read the exclusion narrowly, and claimed that the letter, written five months after the termination of his relationship with Martin, did not "arise out of" or "result

from" the alleged sexual misconduct. It is our opinion, however, that the language of the insurance policy clearly and unambiguously supports the contrary conclusion. The letter that plaintiff read to the congregation would never have been written had the sexual misconduct never occurred, and the statements in the letter from which Martin's claims derived were intrinsically connected to the sexual misconduct. Therefore, we must conclude that the defamation, invasion of privacy, and false light claims "arose out of" and "resulted from" the underlying sexual misconduct and thus were excluded from coverage. *See American States Ins. Co. v. Bailey*, 133 F.3d 363 (5th Cir.1998) (holding that church's insurance carriers had no duty to defend or indemnify church and ministers on claims of defamation, invasion of privacy, breach of fiduciary duty, battery, and other claims originating from pastor's sexual misconduct, as they fell within a "sexual action exclusion.")

As a further ground for denying this appeal, we note that the policy coverage extended to employees "only for acts within the scope of their employment." Clearly, a sexual liaison with a parishioner falls outside of the scope of a minister's employment. Hence, we hold that the acts that gave rise to Martin's lawsuit did not invoke the coverage in the first instance.

In conclusion, for the foregoing reasons, we summarily deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court, to which we return the papers in the case.