**SIMKINS INDUSTRIES, INC.**
v.
**John JEPPSON, III and George A. Cloutier.**
**Civ. A. No. 74–2043–C.**

United States District Court, D. Massachusetts.
Nov. 11, 1975.

---

**1266**

Stephen R. Morse, Martin, Morse & Wylie, Boston, Mass., for plaintiff.

M. Frederick Pritzker, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a six-count civil action for breach of contract. Jurisdiction of this court is invoked on the basis of diversity of citizenship, plaintiff being a corporation organized under the laws of the State of Connecticut and defendants residents of the Commonwealth of Massachusetts. Defendant George A. Cloutier, at times material to this case, was Chairman of the Board of Directors of Educator Biscuit Co., Inc., a manufacturer of cookies which has since gone into bankruptcy.

When the case was called for non-jury trial, counsel for the parties stipulated that judgment may be entered for the plaintiff in the amount of $42,000, plus interest from January 18, 1974, and costs, against defendant John Jeppson, III, in Counts I and IV. Counsel also stipulated that a judgment in favor of defendant Jeppson may be entered on Count III. They further stipulated that Counts V and VI are dismissed without prejudice.

As to Count II, the only count remaining, the parties offered evidence on the issue of the liability of defendant Cloutier. They stipulated, however, that if the Court found Cloutier liable judgment is to be entered on Count II against Mr. Cloutier in the amount of $30,000, $18,000 of which would represent his joint liability with defendant Jeppson as part of the $42,000 previously mentioned. The remaining $12,000 of the $30,000 judgment pertains only to Cloutier and is to be entered, if at all, with interest from January 18, 1974.

Prior to the Court's taking evidence, counsel stipulated that trial by jury was waived and that Exhibits B, D, E and F to the complaint may be admitted in evidence without any witness' identification thereof. At the trial, plaintiff called Richard Fiengo, credit manager for plaintiff, and rested. Defendant Cloutier took the stand as his own sole witness and rested. After trial, I find and rule as follows:

Simkins Industries, Inc. is a manufacturer of cookie boxes used by companies, such as Educator, which manufacture and distribute packaged cookies, for purchase by, among others, individual consumers. In the normal course of business, Simkins and Educator had entered into contractual arrangements on the ba-

sis of which Simkins manufactured and shipped to Educator boxes for packaging its cookies. Simkins also extended a line of credit to Educator.

In April 1973, a question arose about the continuing business relationship between Simkins and Educator. Plaintiff's credit manager, Fiengo, discussed this subject with two representatives of Educator, Cloutier and one Robert E. Voegtlin, President of the Educator corporation. At this time, there was outstanding from Simkins to Educator a $30,000 line of credit which Educator wished to increase to a $60,000 line of credit. The $60,000 line of credit was granted and in connection with this increase in credit a document, as evidenced by Exhibit B, was executed by Cloutier and Jeppson on May 15, 1973. Exhibit B provides:

"As per our phone discussion and agreement I am taking this opportunity to outline the mechanics of our guaranty of 50% of the credit line extended to Educator.

John Jeppson and I personally agree to guarantee $30,000 of the credit line extended by Simkins to Educator. This credit line does not apply to the first $30,000 but applies to any amount up to $30,000 over the first $30,000.

I will have our attorneys send you a more formal agreement on this matter.

We look forward to a long and successful relationship with your company and hope that the relationship can be mutually profitable."

Exhibit B is a letter addressed to Richard Fiengo at Simkins Industries which was signed for Educator by Cloutier and which was also signed by Cloutier acting individually and by Jeppson acting individually.

■■ This is the document which is the basis of plaintiff's claim in Count II. Defendant Cloutier seeks to avoid liability on the basis of this document by contending that Exhibit E amounts to a novation which was substituted for and extinguished his liability under Exhibit B. An examination of Exhibit E discloses that it makes no mention whatsoever of defendant Cloutier. It is established law in Massachusetts that in order to establish a novation it must be proved "not only . . . that there was an existing valid original obligation but that there was an agreement of all parties to the new contract, the extinguishment of the old contract, and a valid new contract." *Larson v. Jeffrey-Nichols Motor Co.*, 279 Mass. 362, 366, 181 N.E. 213, 214 (1932). 15 *Williston on Contracts*, § 1867A, proclaims:

"In order to effect a novation, there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is well settled that novation is never presumed."

See *Tolland v. Lista*, 46 N.J.Super. 272, 134 A.2d 601.

I rule that plaintiff has failed to show that Exhibit E was clearly and definitely intended to extinguish Cloutier's obligation under Exhibit B. Having in mind that Jeppson is an attorney and was the draftsman of Exhibit E, any doubts as to its intent should be resolved adversely to the Educator interests for which he was purporting to act.

Additionally, I rule that a fair construction of Exhibit E clearly shows that it was intended to affect only the liability of Educator and Jeppson individually. There is no showing of any agreement between Simkins and Cloutier to the effect that Exhibit E was to be a novation.

I also rule that Cloutier has failed to sustain his burden of showing circumstances from which a novation could or should be implied.

Judgment is to enter in favor of plaintiff on Count II in the stipulated amount.