[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is a civil action wherein the parties dispute the right of the plaintiff, Mr. Lee Winship, to a portion of the proceeds of a life insurance policy. The defendants, BW Electronics, further disagree on the amount of interest due plaintiff on a loan made to the defendants. In addition, the plaintiff, having been a former employee of the defendant, is claiming vacation pay accrued while working for the defendants. Each side seeks a declaratory judgment in its favor. Jurisdiction is pursuant to R.I.G.L. 1956 (1985 Reenactment) § 9-30-2.
Insurance Policy
On December 31, 1978, a New England Mutual Life insurance policy in the amount of $100,000 was issued on the life of John A Dodenhoff. Listed as beneficiaries were BW Electronics Mr. Lee C. Winship. The document, referred to as the "944 policy," reads in pertinent part as follows:
 A. BW ELECTRONIC ENCLOSURES, its successors and assigns, will be hereinafter referred to as the Beneficiary designated in paragraph "A".
 B. There shall be paid in one sum to the Beneficiary designated in paragraph "A" an amount of the Policy proceeds equal to the total amount due the Beneficiary designated in paragraph "A".
 C. Any balance of the Policy proceeds will be paid in one sum to the Beneficiary designated in paragraph "D".
 D. BENEFICIARY
 1. LEE C. WINSHIP, business associate of the Insured.
 2. Executor or administrators of the estate of said business associate.
 E. The Company shall have no responsibility to ascertain the amount due the Beneficiary designated in paragraph "A", or that there is any amount due, but shall be entitled to rely conclusively on a statement from the Beneficiary designated in paragraph "A" as to the amount payable to the Beneficiary designated in paragraph "A". If such statement is not received within 60 days of the date of death of the Insured, the Company shall have the right to pay the entire Policy proceeds in one sum to the joint order of the Beneficiary designated in paragraph "A" and the Beneficiary designated in paragraph "D".
Following the death of Mr. Dodenhoff on January 25, 1984, the defendants filed a statement claiming all of the death benefits from the policy. Plaintiff here disputes the right of the defendants to said proceeds. He claims that he is due $50,000 of the money at issue plus interest from New England Mutual Life on the above sum and credit for unearned premiums amounting to $9,850 for a total of $59,850. The plaintiff additionally requests this court to order interest on that amount at the statutory rate from April 6, 1986. Said proceeds are presently being held in escrow by the attorney for the defendants pending resolution of this dispute.
To establish either an express or an implied contract, one must prove mutual agreement and intent to promise J. Koury SteelErectors v. San Vel Concrete, 120 R.I. 360, 387 A.2d 694, 697 (1978). A contract implied in fact arises where the intention of the parties is not expressed, but an agreement in fact, creating an obligation, is implied or presumed from their acts, or, there are circumstances which show a mutual intent to contract. Baileyv. West, 105 R.I. 61, 249 A.2d 414, 416 (1969). The source of the obligation in an implied in fact contract is the intention of the parties. There are two types of intent to contract: subjective and objective. Smith v. Boyd, 553 A.2d 131, 133 (R.I. 1989). The parties must manifest an objective intent to be bound but the subjective intent may be one of the factors which comprises objective intent. Id. In addition to intent, contracts implied in fact require the element of consideration to support them as is required in express contracts. Hayes v.Planations Steel, 438 A.2d 1091, 1094 (R.I. 1982). The essential elements of a quasi contract are a benefit conferred by plaintiff, appreciation of such benefit and acceptance and retention of the benefit under such circumstances that it would be inequitable to retain the benefit without payment of the value thereof. Bailey at 417.
This court finds, in the case at bar, that an implied in fact contract existed between the insured, John Dodenhoff, and the plaintiff. The policy manifests the objective intent of the insured to make the plaintiff a beneficiary of the policy. The subjective intent of the insured to allow the plaintiff to collect proceeds as a result of his status as beneficiary may be inferred from the circumstances. Said circumstances include extrinsic evidence, for example, the application which clarifies the insurers intent, made so obscure in the policy itself, to provide value. In addition, it is undisputed that for years prior to the death of the insured, the plaintiff made PS 58 payments on the policy in question. It may be inferred that the above payments were made for the purpose of and in reliance on his being given a beneficial interest in the life insurance policy. Said payments were never refused or contested during the lifetime of the insured. Because this court finds that there existed intent to create a beneficial interest by both parties as well as consideration and reliance thereon by the plaintiff, this court feels that an implied in fact contract existed between the insured and the plaintiff.
The defendants argue that because they have been listed as first beneficiaries on the policy, they are entitled to the entire amount of the proceeds. However, this court finds the law stated in Simonds that an interest in the policy superior to the beneficiary who gave no consideration to be applicable to the case at bar. Simonds v. Simonds, 45 N.Y.2d 233, 380 N.E.2d, 189, 192 (1978). This court is satisfied that the plaintiff at bar has established such an equitable interest. At issue for this court's consideration to how such of an interest is the plaintiff entitled.
An insurance policy is a contract and, if clear, construction of its terms is a matter of law. Malo v. Aetna, 459 A.2d 954, 956 (R.I. 1983). Although it has been established that the plaintiff is entitled under an implied-in-fact contract to be given a beneficial interest, the policy itself is unclear as to the amount of said interest.
Contract interpretation presents, in the first instance, question of law, and is therefore the court's responsibility, as is determination of whether the contract is ambiguous. Fashion House, Inc. v. K-Mart Corp.,892 F.2d 1076, 1083 (1st Cir. 1989). If a contract is considered to be ambiguous, the court may receive extrinsic evidence, even parol evidence, to determine whether uncertainty exists. Id. Language is considered ambiguous where terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meanings of the words employed and obligations undertaken. Id.
The policy states that the beneficiary in paragraph A, the defendant, is entitled to proceeds "equal to the total amount due the beneficiary in paragraph A" and that the plaintiff has a right to the balance. The policy fails to specify whether the total amount due is the same or less than the face amount. However, this court has determined that the aforementioned total amount due is less than the face amount because the policy speaks of a balance to go to the plaintiff. To resolve the ambiguity concerning the amount due, this court must examine the application for insurance submitted by Mr. Dodenhoff. Said application gives a specific amount due the plaintiff of $50,000 or pure risk, whichever is less. It is undisputed that $50,000 is less than pure risk; therefore, this court finds that $50,000 is the amount due the plaintiff along with $9,870 requested for interest and unearned premiums. In addition, the plaintiff is entitled to interest on the above sum at the statutory rate from April 3, 1986 to the present.
Loan
A further dispute between the parties exists regarding the amount of interest due on a loan of $18,500 advanced in September of 1982 by the plaintiff to the defendants. On October 31, 1983, as evidenced by the record, BW executed and delivered a promissory note to the plaintiff for the above amount with a rate of interest of 9%. The parties have stipulated that the defendants are liable for interest of $7,022.52, from Oct. 31, 1983 until December 31, 1986 plus interest at the statutory rate from January 1, 1987 to the present. The controversy involves what interest is due for the time prior to the execution of the note, September, 1982 to October 31, 1983. The plaintiff claims interest at a rate of 9% per annum for a total of $1,888.52. The defendants assert that no interest is due for this period because the execution of the promissory note serves as a novation and releases the defendants from any prior claims.
A mere reaffirmation in writing of an oral agreement combined with acknowledgment of partial payment is not a novation, for where parties indicate that they count on the old contract as existing (as for example by reciting that existing liens will remain in effect), it has not been novated 58 Am.Jur.2d § 14 (1989). Novation requires an agreement of parties that the new contract or agreement take the place of an existing obligation.Id. It is the substitution not of a new paper or note but of a new obligation in view of an old one. 15 Williston on Contracts
§ 1865, at 586. In order to effect a novation, there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is well settled that novation is never presumed. Simkins Industries, Inc. v.Jeppson, 402 F. Supp. 1265, 1267 (1975) citing 15 Williston onContracts, § 186A.
This court finds plaintiff's classification of the aforementioned promissory note as a mere memorialization of the loan rather than a novation to be supported by the evidence. Nowhere in the note in question do the parties agree that the same serves as a release from prior obligations. Such an intent is nowhere made clear and this court believes it is nonexistent. Consequently, this court rejects the classification of the note as a novation and accordingly finds the plaintiff is entitled to the amount of interest in dispute, $1888.52.
Vacation Pay
Finally, the plaintiff presents a claim for accrued vacation pay of $13,209 plus interest at the statutory rate from June 20, 1984, the date he was terminated from BW. Alternatively, the defendants argue that no accrued vacation policy has been instituted at BW. It is undisputed, however, that said policy was not instituted until June 1, 1983. under the new policy but rather under the original policy in effect when he was employed at BW. The plaintiff relied on the original policy which allowed for accrued vacation from year to year. The plaintiff further claims that the total value of his vacation time is $13,209, as established by reference to his pay stubs.
This court finds that the above testimony of the plaintiff reflects a true and accurate amount of vacation pay which is due him. This court awards the plaintiff the same based on the original policy of BW allowing for accrued vacation time. In addition to $13,209, the plaintiff shall receive interest at the statutory rate from June 20, 1984.
For the reasons stated herein, the plaintiff's request for a declaratory judgment awarding him $59,850 plus interest at the statutory rate from April 6, 1986, interest on the loan from September 1982 to October 31, 1983 of $1,888.52 and accrued vacation pay of $13,209 plus interest at the statutory rate from June 20, 1984 is hereby granted.
Counsel shall submit the appropriate order for entry.